**Robert Brown v. Richard G. Kelly, Trustee of the Trust Estate of Gelsie G. Monti**

[437 A.2d 1103]

No. 283-80

Present: **Barney, C.J., Billings, Hill, Underwood and Peck, JJ.**

Opinion Filed November 3, 1981

*John A. Burgess* of *Garry, Dreyfus, McTernan, Brotsky, Stender, Herndon & Walsh, Inc.*, San Francisco, California, for Plaintiff.

*Deane C. Davis*, Montpelier, and *Edwin W. Free, Jr.*, Barre, for Defendant.

**Peck, J.** This appeal had its genesis in April, 1958, when plaintiff Brown brought suit seeking an accounting and damages from his finance broker, Emanuele Pilini. Plaintiff was represented in that suit by Gelsie Monti, Esquire. Plaintiff prevailed in his suit against Pilini and secured a judgment for $32,620.26. We upheld that judgment in *Brown* v. *Pilini*, 128 Vt. 324, 262 A.2d 479 (1970).

On December 22, 1971, plaintiff, having failed to satisfy his judgment against Pilini, brought suit against defendant Monti, who has been replaced as a party by his personal representative. V.R.A.P. 43. The amended complaint alleged that Monti, while acting as plaintiff's attorney, negligently failed to seek a writ of sequestration for the attachment of Pilini's assets. The case was tried by the Washington Superior Court without a jury.

The trial court concluded that the defendant had indeed been negligent in failing to search for and attach Pilini's net assets. Plaintiff was not awarded damages, however, because the court found that defendant's negligence was not the "actual" cause of plaintiff's loss. A small recovery was awarded plaintiff for a related contractual dispute, but this is not challenged by defendant.

On appeal, plaintiff claims that the trial court erred in denying him damages for the defendant's negligence. We disagree.

 An action for damages from the negligence of an attorney is similar to more commonplace negligence actions. See *Houghton* v. *Leinwohl*, 135 Vt. 380, 376 A.2d 733 (1977). An attorney who fails to perform his duties for his client in accordance with established standards of legal skill and care is negligent. *Sohn* v. *Bernstein*, 279 A.2d 529, 532 (Me. 1971); Restatement (Second) of Torts § 299 A (1965). In the instant case it is undisputed that defendant was negligent in his representation of plaintiff. This is expressed in the trial court's conclusion that:

> Defendant [Monti] failed to exercise the ordinary and reasonable care and skill of an attorney in Washington County during the relevant period by failing to attempt to discover and attach Emanuele Pilini's net assets in the Pilini Agency of Service, Brown Derby Motel and Restaurant, Guy Hardware and other businesses and land contracts.

 Nevertheless, negligence on the part of an attorney, standing alone, is not sufficient to impose liability. *Paquin* v. *St. Johnsbury Trucking Co.*, 116 Vt. 466, 470, 78 A.2d 683, 685 (1951). The plaintiff-client must show that the attorney's negligence was the proximate cause of the injury of which he complains. *Lieberman* v. *Employers Insurance of Wausau*, 84 N.J. 325, 342, 419 A.2d 417, 425–26 (1980); *Schneider* v. *Richardson*, 411 A.2d 656, 658 (Me. 1979). Therefore, plaintiff bore the burden of showing that defendant's negligence was the cause-in-fact of his damages. *Finnegan* v. *State*, 138 Vt. 603, 606, 420 A.2d 104, 105 (1980); *Rivers* v. *State*, 133 Vt. 11, 14, 328 A.2d 398, 400 (1974). See also Houser, *Legal Malpractice —An Overview*, 55 N. Dakota L. Rev. 185, 220 (1979).

In light of the foregoing principles, we hold that plaintiff failed to prove that defendant's negligence was the proximate cause of his injury. The trial court's crucial finding on the question of causation is that:

> There was no evidence that Emanuele Pilini during the period of the lawsuit or thereafter owned any business or real estate assets with any net worth or value (after prior liens and encumbrances) that Defendant [Monti] failed to discover or attach.

The plaintiff in his brief concedes that this finding is unassailable. Thus, although defendant was negligent in not searching for attachable assets of the judgment debtor, he is not liable in damages because no such assets existed. *Crooker* v. *Hutchinson*, 2 D. Chip. 117, 123 (Vt. 1824). The trial court correctly concluded that plaintiff failed to prove that but for the negligence of the defendant he would have satisfied, at least in part, his outstanding judgment against Pilini.

*Judgment affirmed.*