James Messier and Sylvia Messier v. Metropolitan Life Insurance Co. and Cheryl Coutts

[578 A.2d 98]

No. 87-392

Present: Allen, C.J., Peck, Gibson, Dooley and Morse, JJ.

Opinion Filed June 1, 1990

*Valsangiacomo, Detora, McQuesten, Rose and Grearson,* Barre, for Plaintiffs-Appellees.

*A. Gregory Rainville* of *Northern Trial Associates* and *Michael Rose* (On the Brief), St. Albans, for Defendant-Appellant Cheryl Coutts.

**Dooley, J.** Plaintiffs James and Sylvia Messier sued the Metropolitan Life Insurance Company and Cheryl Coutts to establish their rights as beneficiaries under a life insurance policy in the name of their deceased son, Michael. Cheryl Coutts (defendant), who had been engaged to be married to the insured, claimed that he made her the beneficiary before his death. The insurance company brought counter- and cross-claims in interpleader to request that the court decide between the competing claimants to the policy proceeds. Relying on a stipulation of facts that was not signed by defendant, the superior court granted plaintiffs' motion for summary judgment. Defendant appeals, and we reverse and remand for trial.

Michael Messier (insured) died on November 19, 1985, from injuries sustained while working for Wyeth Nutritionals, Inc. in Georgia, Vermont. Wyeth supplied its employees group life insurance through Metropolitan Life Insurance Company. The policy provided that an employee could designate a beneficiary by filing a written notice with the employer, who kept records of beneficiary designations. The employee could change his bene-

ficiary at any time, also by filing a written notice. On March 1, 1984, the insured designated his parents, the plaintiffs, as his beneficiaries.

In August, 1984, defendant and the insured began to live together and planned to be married on November 30, 1985. An affidavit from a Wyeth personnel assistant indicates that, two weeks before his death on November 19, 1985, the insured requested information about naming defendant as his beneficiary. He was given the necessary cards to fill out, but there is no direct evidence that he returned the cards to the personnel section. A search of his personnel records did not turn up the cards.

The insured told at least two persons that he had changed the beneficiary on his life insurance policy. Other employees witnessed him filling out the change of beneficiary forms. The change of beneficiary forms could not be found among the insured's possessions after his death.

The court denied plaintiffs' first motion for summary judgment, which was filed before discovery was completed. When discovery was substantially complete, plaintiffs again moved for summary judgment. The court asked the parties to submit a stipulation of facts on which the motion could be decided. Plaintiffs' counsel submitted a draft stipulation to defendant and to the court, but defendant never signed it.

The court subsequently granted summary judgment, stating that the parties had stipulated to the facts and concluding that defendant had not shown that the insured substantially complied with the insurer's requirements for changing the beneficiary. The court also concluded that defendant had failed to establish any equitable claim to the proceeds. The present appeal followed.

■ The trial court stated that the summary judgment motion had been heard and decided on the stipulation of the parties. This statement was incorrect since the defendant never agreed to the stipulation as drafted by plaintiffs. Although defendant argues that this error warrants reversal, we do not agree. The stipulation was derived from the discovery that had been completed. That discovery is in the record, and the parties

fully expected to obtain a ruling based on that discovery when the court suggested making up a stipulation. When we review the grant or denial of a summary judgment motion, we apply the same standard as that applied in the trial court. See *Thomas v. Farrell*, 153 Vt. 12, 14, 568 A.2d 409, 410 (1989). Thus, if we find genuine issues of material fact, within the meaning of V.R.C.P. 56(c), we must reverse the decision granting summary judgment. We can perform our review function based on the discovery in the record and without considering the stipulation.

■ Defendant next argues that the evidence offered in response to plaintiffs' initial showing under V.R.C.P. 56 presented a genuine issue of material fact. Our rule on summary judgment is clear: "summary judgment is only appropriate when the materials before the court clearly show that there is no genuine issue as to any material fact." *Morrisville Lumber Co. v. Okcuoglu*, 148 Vt. 180, 182–83, 531 A.2d 887, 888–89 (1987). In deciding if there is a genuine issue of material fact, all of the allegations presented in opposition to summary judgment, if supported by affidavits or other evidentiary material, are regarded as true. *Pierce v. Riggs*, 149 Vt. 136, 139, 540 A.2d 655, 657 (1987). Further, the party moving for summary judgment has the burden of proof, and the opposing party "must be given the benefit of all reasonable doubts and inferences in determining whether a genuine issue exists." *Weisburgh v. Mahady*, 147 Vt. 70, 72, 511 A.2d 304, 305 (1986).

■■ This is essentially an interpleader action based on the request of the insurance company that the court determine the proper beneficiary. The purpose of interpleader is to relieve the stakeholder of "vexatious and multiple suits." *Walker Process Equip. Co. v. Cooley Building Corp.*, 129 Vt. 333, 338, 278 A.2d 714, 717 (1971). Since the company has no interest in which of the claimants prevail and interpleader is an equitable remedy, the courts in change-of-beneficiary cases have not required literal compliance with the terms of the policy to effectuate a change. See, e.g., *Capitol Life Ins. Co. v. Porter*, 719 S.W.2d 908, 910 (Mo. Ct. App. 1986). Substantial compliance has been

deemed sufficient. See, e.g., *Bohannon v. Manhattan Life Ins. Co.*, 555 F.2d 1205, 1210 (5th Cir. 1977). The philosophy behind this rule is that the right of the insured to change beneficiaries should be given effect over procedural technicalities. See *IDS Life Ins. Co. v. Estate of Groshong*, 112 Idaho 847, 849, 736 P.2d 1301, 1303 (1987).

■ The elements necessary to show substantial compliance have been stated in various ways. See *Dooley v. James A. Dooley Assoc.*, 92 Ill. 2d 476, 484, 442 N.E.2d 222, 226 (1982). The elements involve "a combination of intent to make the change and positive action towards effecting that end." *Id.* at 486, 442 N.E.2d at 227. We adopt the rule that a change of beneficiary must be shown by intent, accompanied by a reasonable effort to change the beneficiary. *Provident Indem. Life Ins. Co. v. Durbin*, 541 F. Supp. 4, 7 (E.D. Pa. 1981); *In re Estate of Schleis*, 97 N.M. 561, 563, 642 P.2d 164, 166 (1982).

■ While this case is close, we conclude that it was not appropriate to grant summary judgment. The record clearly contains evidence of the insured's intent to change the beneficiary to defendant. We believe that when we resolve all reasonable doubts and inferences in favor of defendant, as we must in reviewing the grant of summary judgment, there was sufficient evidence for the fact-finder to find that the insured made a reasonable effort to change the beneficiary in this case. The evidence offered by defendant that the insured picked up the change-of-beneficiary form, that employees witnessed him filling out the form and that he told others that he changed the beneficiary on the policy create a circumstantial-evidence case that the insured had taken all steps necessary to change the beneficiary or at least had made a reasonable effort. Cf. *State v. Derouchie*, 140 Vt. 437, 444, 440 A.2d 146, 149 (1981) (in evaluating evidence, focus must be on "quality and strength of the evidence," not whether it is circumstantial or direct). In view of defendant's evidence, we cannot give conclusive effect to plaintiffs' evidence that, after a search, the completed change of ben-

eficiary form could not be found in the employer's records.* At best, that evidence demonstrates that the insured did not file the form; it shows nothing about whether he made a reasonable effort to file.

*Reversed and remanded.*

Peck, J., dissents without opinion.

---

* The affidavit of the personnel assistant also stated that "to the best of my knowledge" the insured never returned the change-of-beneficiary cards to the personnel section. We do not believe that this statement meets the requirement that affidavits be based on personal knowledge, rather than on information and belief. See V.R.C.P. 56(e); *Johnson v. Fisher*, 131 Vt. 382, 384, 306 A.2d 696, 697 (1973).