## Pauline V. Knott v. Leslie C. Pratt

[609 A.2d 232]

No. 90-497

Present: **Allen, C.J., Gibson, Dooley, Morse and Johnson, JJ.**

Opinion Filed February 14, 1992

Motion for Reargument Denied April 14, 1992

*Pauline V. Knott,* pro se, Craftsbury Common, Plaintiff-Appellant.

*Douglas C. Pierson* and *Thomas M. Higgins* of *Pierson, Wadhams, Quinn & Yates,* Burlington, for Defendant-Appellee.

**Dooley, J.** In this lawyer malpractice action, plaintiff appeals from a judgment for defendant, entered after a trial without a jury. The court found that defendant's representation of plaintiff was not negligent, and, in any event, did not cause plaintiff any harm. Plaintiff argues that the court was wrong on both conclusions. We affirm.

In order to recover on a legal malpractice claim, plaintiff must prove both that defendant was negligent and that the negligence proximately caused plaintiff's harm. *Brown v. Kelly,* 140 Vt. 336, 338, 437 A.2d 1103, 1104 (1981). In the instant case, the trial court found neither element was proven. We do not reach the issue of defendant's negligence because we conclude that plaintiff failed to prove that defendant, even if negligent, proximately caused her harm.

The case involves the estate of plaintiff's father, who died in 1979. From 1966 until her father's death, plaintiff resided in a house with surrounding land owned by him in the Town of Albany. To plaintiff's disappointment, her father left the Albany house and land, along with other property, in equal shares to plaintiff and her three siblings. She retained defendant to submit to the executrix a claim for compensation for her care, management and maintenance of the Albany property and expenses she claimed were connected with a boundary dispute involving the property. She sought an amount equal to the estimated appreciation in value of the Albany property between 1966 and 1979.

Defendant presented the claim to the executrix on June 26, 1980, pursuant to 14 V.S.A. § 1204(1). On October 8, 1980, the lawyer for the executrix sent defendant a letter, which the lawyer intended to serve as notice of the denial of the claim. Because he interpreted the letter as an allowance of the claim, with only the amount to be negotiated, defendant did not file a

petition for allowance of the claim with the probate court within 60 days of the notice of disallowance from the executrix, as required by 14 V.S.A. § 1206(a). When defendant did file the petition, it was dismissed by the probate court as untimely, a decision upheld by this Court in an unpublished entry order on April 30, 1987.

The dismissal of the claim led to this litigation. Plaintiff claimed that defendant was negligent in failing to timely file the petition for allowance in probate court. She sought damages from defendant of $122,000, the amount she had claimed from the estate.

The issue here is whether defendant's negligence, if any, was the "cause-in-fact" of plaintiff's damages. *Brown*, 140 Vt. at 338, 437 A.2d at 1104. In order to prevail in the lawyer negligence action, plaintiff had to show that she would have prevailed in her claim against her father's estate but for defendant's failure. See 4 S. Speiser, C. Krause & A. Gans, The American Law of Torts § 15:87 (1987). We therefore examine the merits of that claim.

Plaintiff's claim was based on quasi-contract. Plaintiff moved in 1961 from her residence in Westport, Maine, to her parents' residence in Massachusetts and later moved with her parents to the property in Albany. In 1966, her parents moved back to Massachusetts, and her mother died in 1968. From 1966 until her father's death, plaintiff resided alone on the Albany property. Her entire income during that period came from three sources: the sale of the Maine property for $18,000, the sale of the timber on the Albany land, and support provided by her father. No rent was requested, and she paid none. Through her labor, she improved the house in a number of ways and maintained the property.

In addition to testifying to her activities in caring for and improving the Albany property, plaintiff presented a list of expenditures she stated she made on behalf of the property or on her father's behalf.* Defendant contested most of these ex-

---

* Included in these expenses were costs associated with a boundary dispute with a neighbor in which plaintiff became involved in 1976. Litigation of the matter reached this Court twice, and the neighbor ultimately prevailed. See *Vahlteich v. Knott*, 139 Vt. 588, 433 A.2d 287 (1981).

penses, and the court found that only $2,558.22, out of the total of approximately $37,000 she presented, could have been recovered in the probate court for these expenses. Of this amount, $804 represents fees paid to defendant for legal services. Plaintiff contests the court's findings as to these amounts as well, but we need not reach the issue because we find no liability.

Plaintiff presented no itemization of her activities in reaching her total claim of $122,000. The amount was based solely on the property's increase in value during her father's life and while she resided alone on it. Plaintiff presented no evidence that her father promised to pay her for her care and management of the property. Apparently her expectation was that he would leave her the property in her sole name, and she blames the executrix, her sister, for "arrang[ing]" the will differently.

We stated the legal principle applicable to plaintiff's quasi-contract claim in *Wilson v. Alexander*, 139 Vt. 279, 280, 428 A.2d 1089, 1090 (1981):

> Under the theory of quasi contract the law raises a promise to pay when a party receives a benefit and the retention of the benefit would be inequitable. This fictitious promise exists without regard to, indeed sometimes contrary to, the intentions of the party bound.

See also *In re Estate of Elliott*, 149 Vt. 248, 252, 542 A.2d 282, 285 (1988) (law implies a promise to pay for a benefit that would otherwise be received inequitably); *Ray Reilly's Tire Mart, Inc. v. F.P. Elnicki, Inc.*, 149 Vt. 37, 40, 537 A.2d 994, 995 (1987) (most significant requirement is that enrichment of defendant be unjust, citing *Paschall's, Inc. v. Dozier*, 219 Tenn. 45, 57, 407 S.W.2d 150, 155 (1966)). We must determine whether quasi-contract recovery is available in light of the totality of the circumstances. See *Legault v. Legault*, 142 Vt. 525, 531, 459 A.2d 980, 984 (1983).

In the instant case, the trial court found that plaintiff's father received a benefit which he was aware of, due to his visits to the property, and which he accepted. The court concluded, however, that it would not be inequitable for her father, and the estate, to retain the benefit without compensating plaintiff.

The evidence fully supports the court's conclusion. By her own admission, plaintiff cared for the property as a "labor

of love" and as her own residence. She did the work for her own benefit with the expectation, which proved unfounded, that she would eventually own the property. See Restatement of Restitution § 57 (1937) (person who confers a benefit on another, without a manifest intent to claim compensation, is not entitled to restitution "merely because his expectation that the other will make a gift to him . . . is not realized"); 2 G. Palmer, The Law of Restitution § 10.7(b), at 422 (1978) (restitution generally denied "where a person in pursuit of his own interests improves the land of another"). A substantial amount of time and expense went into litigation with her neighbor, which the court could find benefited only plaintiff.

Most of the money plaintiff used for living expenses and to maintain and improve the property came from her father or from the sale of timber on the property. See *Reilly's Tire Mart, Inc. v. Elnicki, Inc.*, 149 Vt. at 39, 537 A.2d at 995 (it is not unjust to retain a benefit one has paid for). Plaintiff paid no rent for her occupancy of the property.

Plaintiff has failed to show that "it is against equity and good conscience" to allow the estate of her father to retain the increased value of the Albany property. *Legault v. Legault*, 142 Vt. at 531, 459 A.2d at 984. Because plaintiff could not have recovered against the estate, she cannot recover from defendant.

■ Plaintiff offers an additional argument as to why she should prevail on causation. She asserts that defendant represented that she had a viable claim and did not state that the claim was "unsustainable or would not prevail." Based on his representation, she argues that defendant is estopped from denying now that the claim could have prevailed. Putting aside the question of whether an estoppel theory could allow a plaintiff to avoid having to prove causation in more appropriate circumstances, we do not see how the theory is factually supported in this case. In making her argument, plaintiff relies on statements made by her trial lawyer. Her testimony was that defendant stated that her claim was "valid" but offered no opinion of its strength. Defendant denied doing even that. The court found that although defendant suggested the theory of valuing the claim as equal to the appreciation in the value of the property, he "did not promise her that that would be the outcome of the litigation."

Defendant made no statement inconsistent with his position at trial. See *Campbell Inns, Inc. v. Banholzer, Turnure & Co.*, 148 Vt. 1, 7, 527 A.2d 1142, 1146 (1987) (purpose of equitable estoppel is to prevent a person from speaking against "'his own act, representations or commitments to the injury of one to whom they were directed and who reasonably relied thereon,'" (quoting *Dutch Hill Inn, Inc. v. Patten*, 131 Vt. 187, 193, 303 A.2d 811, 815 (1973))). Nor is there any evidence that plaintiff "in good faith changed [her] position in reliance" on defendant's representations. *My Sister's Place v. City of Burlington*, 139 Vt. 602, 609, 433 A.2d 275, 279 (1981). There is no basis for an estoppel.

*Affirmed.*

