**Rachel POWERS v. Katherine A. HAYES, Esq. and Barr, Sternberg & Moss, P.C.**

[776 A.2d 374]

No. 00-033

March 1, 2001. Plaintiff Rachel Powers, administrator of the estate of Charles Powers, appeals from a ruling of the Washington Superior Court that granted summary judgment to defendants Katherine Hayes and the firm of Barr, Sternberg & Moss, P.C., dismissing plaintiff's attorney malpractice action.

Plaintiff argues that the grant of summary judgment was in error because there existed enough circumstantial evidence to create a genuine issue of material fact regarding the issue of causation. We agree and reverse.

On the eve of major surgery, Charles Powers hired attorney Hayes to draft a will that would leave all of his assets to his daughter Rachel Powers. He had used the services of Hayes in the past and had a working relationship with her. The meeting to draft the will was very hurried because Hayes was leaving for an appointment outside of the office, and she suggested that the two meet at a later date in order to review Powers' estate plan in more detail. Powers rejected the suggestion because he was going into surgery the next day and needed to get the will drafted and executed as soon as possible. Hayes drafted the will, and it was executed that same day. Powers made it clear to Hayes that he wished his daughter Rachel to receive "everything."

The bulk of Charles Powers' estate consisted of the assets contained in his IRA. The beneficiary of the IRA was Colleen Fitzpatrick, Powers' ex-girlfriend. He had been living with her when the beneficiary designation was made, but the relationship had ended by the time he hired Hayes to draft the will. He had been married and divorced twice and had one daughter, Rachel Powers, from his first marriage. He was very fond of his daughter and sought to provide for her when he was gone.

At the time she drafted the will, Hayes was aware of the existence of the IRA from prior representation of Powers. Hayes did not mention the IRA to Powers, but drafted the will to read that he gave to his daughter "all of my estate of every kind and description, both real and personal, wherever situated and whenever or however acquired." Powers died about two months after the surgery. Because he had not changed the bene-

ficiary of his IRA, it passed to Colleen Fitzpatrick, and not to his daughter, despite the presence of the will.

Plaintiff brought this attorney malpractice action, alleging that Hayes was negligent in failing to inform Powers that he had to change the beneficiary of the IRA to redirect it to his daughter and that the will would not affect the disposition of the IRA. Defendants moved for summary judgment, relying in part on the deposition of David Frank, who was Powers' investment advisor on the IRA. Frank testified at his deposition that he had told Powers that he should change the beneficiary on the IRA, repeatedly encouraged him to do so and sent him a change of beneficiary form to complete. At the same time, Frank encouraged Powers to obtain a will. While he told Powers that the purpose of the IRA beneficiary change was to ensure that the daughter received one hundred percent of the IRA proceeds, he never discussed with Powers the interrelationship between the will and the IRA beneficiary designation.

Defendants argued, and the superior court apparently accepted, that plaintiff was unable to show that any negligence of Hayes was the proximate cause of the daughter's loss of the IRA proceeds. Specifically, defendants argued that the Frank deposition showed that Powers knew that he had to change the IRA designation in order to get the proceeds to his daughter and further advice to that effect from Hayes would have been duplicative and unsuccessful.

This Court reviews a motion for summary judgment using the same standard as the trial court. *O'Donnell v. Bank of Vermont*, 166 Vt. 221, 224, 692 A.2d 1212, 1214 (1997). Summary judgment is appropriate when the record indicates that there is no genuine issue of material fact, and that the movant is entitled to judgment as a matter of law. *Politi v. Tyler*, 170 Vt. 428, 431, 751 A.2d 788, 790 (2000); V.R.C.P. 56(c)(3). In determining whether a genuine issue of material fact exists, the court regards as true all allegations of the nonmoving party supported by admissible evidence and gives the nonmoving party the benefit of all reasonable doubts and inferences. *Politi*, 170 Vt. at 431, 751 A.2d at 790-91; see also *Haynes v. Golub Corp.*, 166 Vt. 228, 233, 692 A.2d 377, 380 (1997).

In order to recover on a legal malpractice claim, plaintiff must prove both that defendant was negligent and that the negligence was the proximate cause of plaintiff's harm. *Knott v. Pratt*, 158 Vt. 334, 335, 609 A.2d 232, 233 (1992); see also *Brown v. Kelly*, 140 Vt. 336, 338, 437 A.2d 1103, 1104 (1981). In this case, defendants do not contest that there is a genuine issue of fact whether Hayes was negligent; they argue that plaintiff cannot prove the causation element.

We conclude that there is a genuine issue of material fact with respect to causation. Plaintiff has produced sufficient circumstantial evidence to show that Powers would have changed his IRA beneficiary had he known it was necessary to accomplish his goals after he signed the will. There is evidence in the depositions that Powers expressed the desire to leave "all" his assets to his daughter, that he told Hayes that this was his intent, that he told his daughter that she would inherit everything, and that he had affection for his daughter and disliked his former girlfriend. The language of the will is comprehensive and suggests it covers all property Powers owned. Hayes conceded that she did not discuss the IRA issue with Powers, despite knowing of the presence of the IRA. Frank never discussed the interrelationship between the will and the beneficiary designation for the IRA.

Although we have decided no similar case, we find helpful our decision in *Messier v. Metropolitan Life Insurance Co.*, 154 Vt. 406, 408, 578 A.2d 98, 99 (1990). In *Messier*, the insured actively sought the forms from his employer to

change the beneficiary on his employer-supplied life insurance contract to his fiancé because he was about to marry her. He told two persons that he had changed the beneficiary of the policy, and others witnessed him filling out the change-of-beneficiary forms. However, when he died less than two weeks before the wedding, the forms could not be found in his personal possessions or in his personnel file. Despite the fact that there was no direct evidence that the forms were ever submitted, we reversed a grant of summary judgment in a suit between the fiancé and the insured's original beneficiaries, his parents. We held that the change of beneficiary could be shown by the intent to make the change plus a "reasonable effort" to do so, and that the circumstantial evidence was sufficient to show that the insured had made a reasonable effort. *Id.* at 410, 578 A.2d at 100. For similar reasons, we hold that the evidence of Powers' intent, coupled with the evidence that he was attempting to act on that intent, is sufficient to avoid summary judgment in this case.

*Reversed and remanded.*