### Charles CANNATA v. Marc E. WIENER

[789 A.2d 936]

No. 00-488

December 19, 2001. Plaintiff Charles Cannata appeals from a decision by the Chittenden Superior Court denying his malpractice claim against attorney Marc Wiener. After a bench trial, the court held that plaintiff failed to prove that advice given by attorney Wiener was the proximate cause of any damage to plaintiff. We affirm.

This case arose out of a complicated real estate transaction that originated with the purchase of a building in Burlington, Vermont. The relevant facts,

as determined by the trial court, are as follows. The building was purchased in 1985 by Prime Properties, which was a business partnership of plaintiff and Drew Chace. That transaction required the partnership to give a $50,000 note, secured by a mortgage, to members of the Blanchard family, the previous owners of the property. Approximately one year later, another real estate investor, Steven Gracie, sought to purchase the property from the partnership. As part of the sale, Gracie assumed the $50,000 note that the partnership owed to the Blanchards. Plaintiff and Chace, however, remained liable on the note by way of a clause in the sale agreement that states that the Blanchards "do not waive or release any claim or right they may have against Drew C. Chace and/or Charles P. Cannata, d/b/a Prime Properties, arising from the : . . note and mortgage." Shortly after this sale, the partnership formally dissolved.

Several years later, Gracie ran into financial trouble. Gracie was unable to make payments on the $50,000 note owed to the Blanchards as well as on a first mortgage on the property held by Chittenden Bank, and he eventually went bankrupt. The bank began foreclosure proceedings on the property. At this point, plaintiff and Chace individually contacted attorney Wiener because they were worried about their financial exposure that might result from the foreclosure. Although at that time attorney Wiener represented Gracie, Wiener had previously represented the partnership in the purchase and sale of the property. Attorney Wiener told them that Gracie did not have any assets, that hiring an attorney would be a waste of money, and that neither had any exposure. Precisely what attorney Wiener understood plaintiff and Chace to be asking about — i.e. whether they were inquiring about exposure on Chittenden Bank's foreclosure action alone, or whether their question included exposure on the $50,000 note — was a matter of intense dispute at trial. Although the trial court found that attorney Wiener's advice did not consider the $50,000 debt, this determination is not important to our resolution of the case. Chittenden Bank foreclosed on the property, and the Blanchards sued plaintiff and Chace because the $50,000 note was now unsecured and Gracie had defaulted on it. At that trial, which was appealed to this Court, plaintiff and Chace were found jointly and severally liable on the $50,000 note. Chace subsequently declared bankruptcy and Cannata paid the Blanchard judgment, which amounted to $78,406, including interest.

The present litigation arose when plaintiff sued attorney Wiener alleging that the advice to plaintiff regarding his exposure was negligent. Plaintiff claims that Wiener's advice to plaintiff and Chace was essentially to "do nothing" in the face of the foreclosure action by Chittenden Bank. This advice, plaintiff argues, was negligent given the liability to which he was eventually exposed on the $50,000 note. After a two-day bench trial, the court found that plaintiff had failed to demonstrate that any advice given by attorney Wiener was the proximate cause of plaintiff's injuries. Plaintiff appealed.

On appeal, plaintiff claims that 1) attorney Wiener had a conflict of interest when he gave the advice because his previous representation of the partnership conflicted with his representation of Gracie; 2) the advice given to plaintiff was negligent because plaintiff was thereby led to believe he had no exposure from the assumption agreement; 3) attorney Wiener's actions violated ethical considerations of the Code of Professional Responsibility; and that 4) plaintiff's losses were proximately caused by attorney Wiener's advice. We address only the final issue because it is dispositive of the appeal. ·

A claim for legal malpractice resembles any other negligence claim. In order to recover, the plaintiff must prove not only that the attorney was negligent, but also that the negligence was the proximate cause of the plaintiff's injuries. *Powers v. Hayes*, 172 Vt. 535, 536, 776 A.2d 374, 375 (2001); see *Rivers v. State*, 133 Vt. 11, 14, 328 A.2d 398, 400 (1974). In this case, it is immaterial whether attorney Wiener acted negligently because plaintiff failed to offer any proof that Wiener's acts were the cause-in-fact of plaintiff's injuries. Specifically, plaintiff has failed to show how attorney Wiener's advice to do nothing caused the loss on the Blanchard note.

We have previously required plaintiffs seeking recovery for an attorney's negligence to present sufficient evidence that they were harmed by the malpractice. For instance, in *Knott v. Pratt*, 158 Vt. 334, 609 A.2d 232 (1992), we decided that where the plaintiff did not offer any evidence to support her quasi contract claim that she was owed money from her father's estate, her attorney could not be found liable for malpractice for failing to meet a filing deadline that barred the plaintiff's claim. We held that "[b]ecause plaintiff could not have recovered against the estate, she cannot recover from [her lawyer]." *Id.* at 338, 609 A.2d at 235. Similarly, in *Brown v. Kelly*, 140 Vt. 336, 437 A.2d 1103 (1981), the plaintiff tried to recover from his attorney after the attorney neglected to attach the assets of the plaintiff's broker against whom plaintiff had secured a judgment. The negligence claim against the attorney arose when the plaintiff was unable to satisfy the judgment from the broker. We held that plaintiff's recovery from the attorney was barred because "[t]here was no evidence that [the broker] . . . owned any business or real estate assets with any net worth or value . . . that [the attorney] failed to discover or attach." *Id.* at 339, 437 A.2d at 1104. Thus, despite

the attorney's actions, he did not cause the resulting harm to the plaintiff, because there was no proof that any assets existed to attach. Cf. *Estate of Fleming v. Nicholson*, 168 Vt. 495, 499, 724 A.2d 1026, 1029 (1998) (proximate cause of plaintiff's loss "apparent" where attorney failed to disclose encumbrances on a title, which might have dissuaded plaintiff from purchasing the property).

To establish proximate cause in this case, plaintiff had to offer evidence that had he not abided by attorney Wiener's advice, there were steps plaintiff could have taken to protect his interests. At trial, plaintiff relied on argument in his post-trial memorandum to identify these alternatives. He claims that "[m]aybe Gracie's obligations to Prime Properties were not dischargeable in bankruptcy. Maybe . . . Gracie had secreted assets and [was not] really bankrupt." The trial court, however, found these statements unpersuasive. Indeed, argument based on "mere speculation or conjecture" is insufficient to carry plaintiff's burden. W. Keaton, Prosser and Keaton on the Law of Torts § 41, at 269 (5th ed. 1984).

Plaintiff argues that because the advice he received was to do nothing, "he is now unable to say what he could have done precisely because he accepted this advice." We are unmoved by this argument. While it is true that by following the advice, plaintiff did nothing, and did not pursue alternatives to protect himself at the time, the issue before us is what plaintiff *could* have done, not what plaintiff actually did. It was plaintiff's burden to produce evidence that would establish that under the financial realities of this case, there were avenues for plaintiff to explore that were left uncharted because of attorney Wiener's advice. We note that plaintiff is not required to establish the fact of causation "beyond a reasonable doubt." Prosser and Keaton, *supra*, § 41, at 269. Indeed, we have held that circumstantial evidence is enough to survive summary

judgment on the issue of proximate cause of an attorney's negligence. *Powers*, 172 Vt. at 537, 776 A.2d at 375. We need not determine, however, what quantum of evidence is sufficient to establish proximate cause in this case, because plaintiff has failed to cross the threshold of offering *any* such evidence.

*Affirmed.*