*Langrock, Sperry & Wool, LLP v. Felis*, 149-2-13 Cncv (Toor, J., Mar. 9, 2015).

[The text of this Vermont trial court opinion is unofficial. It has been reformatted from the original. The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

VERMONT SUPERIOR COURT
CHITTENDEN UNIT
CIVIL DIVISION

| | |
|---|---|
| LANGROCK, SPERRY & WOOL, LLP<br> Plaintiff<br><br>v.<br><br><br>KENNETH P. FELIS<br> Defendant | Docket No. 149-2-13 C ncv |

RULING ON PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND/OR MOTION IN LIMINE and PLAINTIFF'S MOTION IN LIMINE

Plaintiff Langrock, Sperry & Wool (Langrock), a law firm, brings this case to collect about $65,000 in legal fees from Defendant Felis, a former client. In March of 2013, Defendant filed a counterclaim asserting that (1) the parties had agreed the fees could be paid after the divorce case was over, and that the appeal was still pending, (2) Langrock engaged in intentional infliction of emotional distress by various acts related to collection attempts, and (3) Langrock engaged in consumer fraud. Plaintiff previously filed two summary judgment motions, both of which were denied in November 2013 by Judge Pearson. In December 2013, Felis amended the counterclaim to add claims for breach of contract, promissory estoppel, breach of the covenant of good faith, and attorney malpractice. Langrock again seeks summary judgment on all claims, or in the alternative the exclusion of certain evidence at trial. James W. Runcie, Esq. represents Plaintiff; Edward B. French, Jr. and Jennifer Colin, Esqs. represent Defendant.

Both the disputed and the undisputed facts in this case are lengthy and the court will not attempt to address them all here. The court notes, however, that by merely saying "disputed' in response to a statement submitted by Plaintiff, Defendant has not actually put those facts in dispute. Rule 56 requires record evidence to support any such challenge. Thus, the court treats many such claims of dispute as undisputed. V.R.C.P. 56(c) and (e).

## Conclusions of Law

### 1. Breach of Contract

It is undisputed that there was a contract for legal fees. Felis does not dispute that he was billed for at least $65,000 in fees that he has not paid.[1] Even if Felis proved at trial that there was an agreement to defer payment until the divorce case was over, it is now over. The funds are due unless Langrock breached the contract. Felis claims that the contract was breached by an email from Attorney Carlson terminating the relationship. The email on its face does no such thing. It asks that they discuss the issue of getting the bill paid. Felis is the one who terminated the contract. Langrock is entitled to summary judgment on this claim.

### 2. Promissory Estoppel

The promise that Felis alleges is that the fees did not need to be paid until the divorce was done. The relief sought is to have "this Court enforce the Plaintiff's promise" to wait until after the divorce to collect the fees. Amended Counterclaim, ¶ 58 and "wherefore clause" ¶ g. The divorce is now done; the fees are due. There is no relief to grant. This claim is moot.

---

[1] Langrock's statement of material facts says the firm was owed "more than $65,000" and Felis responds first that he was billed $65,000, though he disputes "owing" it, and then that he was billed $67,546.72. Ptf's Statement of Material Facts ¶ 28 and response thereto; Def's Statement of Material Facts ¶ 43. The court takes it as undisputed that at least $65,000 was billed. Felis's claim that it was not "owed" is based upon the timing of the request—now a moot point, as the divorce is done—and whether he has setoffs from his counterclaims. *See* Def's Response to Ptf's Statement of Material acts ¶ 28, and Def's Statement of Material Facts ¶¶ 93 and 96.

### 3. Breach of the Covenant of Good Faith

This claim rests upon the contract between the parties. No separate conduct is asserted as the basis for this claim. Thus, it cannot succeed. Ferrisburgh Realty Investors v. Schumacher, 2010 VT 6, ¶ 26, 187 Vt. 309, 322.

### 4. Negligence (Attorney Malpractice)

To prove a claim of malpractice by an attorney, Felis must prove that Langrock's actions fell below the standard of care for the type of case in question, and that Felis was harmed as a result. Estate of Fleming v. Nicholson, 168 Vt. 495, 497 (1998). That is, he must prove that he would have had a better result in the divorce case but for the errors. Knott v. Pratt, 158 Vt. 334, 336 (1992)("In order to prevail in the lawyer negligence action, plaintiff had to show that she would have prevailed in her claim against her father's estate but for defendant's failure.").

As Felis concedes, an expert witness is generally required to prove the standard of care, the breach, and the proximate cause. Id. at 497. He proffers an opinion by attorney Herbert Ogden in support of his claim. Ex. SS to Def's Statement of Material Facts. That opinion lists a number of actions that Ogden believes fell below the standard of care, but states no opinion about the harm caused thereby. Felis concedes in his response to Langrock's statement of facts that Ogden cannot provide evidence with regard to how Felis was harmed: that is, with regard to proximate cause and damages. *See* Plaintiff's Statement of Material Facts ¶ 22 and response thereto. He argues, however, that this case meets the exception to the general rule: where the "professional's lack of care is so apparent that only common knowledge and experience are needed to comprehend it." Nicholson, 168 Vt. at 497-98, quoted in Defendant's Mem. in Opp. at 32. He argues that based upon his expert's testimony that Langrock made errors in the divorce case, the jury can itself determine the harm.

3

The court disagrees. The sort of case that does not require expert testimony might be, for example, one where the architect forgot to put in a staircase to get between the two floors of a house. There, the problem resulting from the error would be obvious to anyone. This is also not like Nicholson, where the Court found that a lawyer's failure to disclose information obtained in a title search was a simple enough issue to be decided without an expert. Id. at 498. This, in contrast, was an incredibly complicated divorce case, generating the longest divorce ruling the undersigned has ever seen from any judge. Felis's claim that it would be easy for a layperson to determine how Judge Pearson would have ruled had Langrock acted differently on various motions and in the final ruling is almost laughable. Without the missing expert testimony, Felis cannot prove his malpractice claim.

### 5. Consumer Fraud

The consumer fraud claim is that Langrock's billing practices were not properly disclosed, that Attorney Carlson failed to disclose that less than 1% of his practice involved child custody cases, and that requesting payment prior to the conclusion of the divorce was a deceptive practice.

To prove consumer fraud, "(1) there must be a representation, practice, or omission likely to mislead the consumer; (2) the consumer must be interpreting the message reasonably under the circumstances; and (3) the misleading effects must be 'material,' that is, likely to affect the consumer's conduct or decision with regard to a product." First Quality Carpets, Inc. v. Kirschbaum, 2012 VT 41, ¶ 19, 192 Vt. 28 (citation omitted). In addition, a plaintiff must prove that he has been damaged by the misrepresentation or omission. Lang McLaughry Spera Real Estate, LLC v. Hinsdale, 2011 VT 29, ¶ 32, 190 Vt. 1 ("[T]he consumer must also demonstrate that he or she sustain[ed] damages or injury as a result of any false or fraudulent representations or practices of the violator.")(quotation and citation omitted); Greene v. Stevens Gas Service,

2004 VT 67, ¶ 13, 177 Vt. 90 ("Although we read broadly the requirement that there be injury. . . there must be some cognizable injury caused by the alleged consumer fraud.").

The billing issue is as follows. The written engagement agreement stated that billing would be for "time spent to the nearest quarter of an hour." Ex. D. to Mem. in Opp. at ¶ 2. It also stated that the firm would "bill a minimum of one quarter of an hour for all activity, including each telephone conversation and all correspondence and email." Id. Felis argues that this was misleading because it "omitted the critical fact that the billing procedure meant that Mr. Felis would be charged for 15 minutes of time even if a task took only three minutes, for example." Defendant. Mem. in Opp. at 42. The court concludes that no reasonable jury could so find. The agreement expressly states exactly that: a minimum of 15 minutes would be billed even if it was for one call or email.

The issue about the percentage of Attorney Carlson's cases that involved custody disputes is as follows. Felis claims he would not have hired Carlson for that part of the divorce case if he knew of Carlson's allegedly limited experience. Felis did not ask Carlson about that, however. Instead, he argues that Carlson was obligated to offer that information. The court concludes that perhaps a reasonable consumer would want to know. However, Felis' argument fails on this issue because he fails to allege any damage as a result of this alleged omission. He merely argues that he "is not required to demonstrate damage resulting from" the omission. Def. Mem. in Opp. at 46. This is not the law, as noted above. Thus, this claim fails for that reason alone.

The last claim of consumer fraud is that Carlson violated the parties' agreement that payment of fees could be deferred, by demanding payment. Even if true, this would not constitute consumer fraud. Such fraud must be done at the front end, and be something the other party is relying upon in entering into a contract for a product or services. Any refusal by Carlson

5

to abide by an agreement is not something Felis relied upon in hiring Carlson. Moreover, "a mere breach of contract cannot be sufficient to show consumer fraud." Greene, 2004 VT 67, ¶ 15.

6. Intentional Infliction of Emotional Distress

A party alleging intentional infliction of emotional distress carries "a heavy burden." Davis v. American Legion, Dept. of Vermont, 2014 VT 134, ¶ 20, __ Vt. __. Felis must show that Langrock's actions were "so outrageous in character and so extreme in degree as to go beyond all possible bounds of decent and tolerable conduct in a civilized community and be regarded as atrocious and utterly intolerable." Cate v. City of Burlington, 2013 VT 64, ¶ 28, 194 Vt. 265 (quotation and citation omitted). He must also prove that the actions caused him to suffer "distress so severe that no reasonable person could be expected to endure it." Baldwin v. Upper Valley Services, Inc., 162 Vt. 51, 57 (1994).

As Felis points out, the relationship between the parties can affect the analysis of this question. However, the Restatement relied upon in the federal cases to which he cites has been superseded. The current version merely states as follows: "Whether an actor's conduct is extreme and outrageous depends on the facts of each case, including the relationship of the parties, whether the actor abused a position of authority over the other person, whether the other person was especially vulnerable and the actor knew of the vulnerability, the motivation of the actor, and whether the conduct was repeated or prolonged." Restatement (Third) of Torts § 46 cmt d (2012).

The facts on which Felis rests this claim are that Carlson sent him one email about payment of his fees. There is nothing outrageous in that email. It says, among other things, "I want to be your lawyer. I am not backing off this mission even a fraction of an inch. . . I am really struggling with the idea that we would have to wait another year or more to get paid. . . Thank you for thinking about that." Ex. JJ to Defendant's Statement of Material Facts. The tone

6

is gentle and the comments are reasonable. No threats are made. This is far from the sort of debt collection action that has been found to be outrageous. *See, e.g.*, MacDermid v. Discover Financial Services, 488 F.3d 721 (6th Cir. 2007)(allegations that debt collector, prior to debtor's suicide, had made unjustified "implicit and, at times, explicit threat[s] that decedent would be jailed if the subject debt was not quickly paid.").

Even taking into account the close relationship between Felis and his attorney in a hotly contested and very emotional divorce case, and Carlson's knowledge that Felis had suffered some psychological problems during the divorce, the facts here just do not rise to the level of being "beyond all possible bounds of decent and tolerable conduct in a civilized community and be regarded as atrocious and utterly intolerable." Cate, 2013 VT 64, ¶ 28.

### 7.  Punitive Damages

Because the court is granting judgment for Plaintiff on all substantive claims, there is no basis for punitive damages.

### 8.  Motions in Limine

Because the court grants Plaintiff 's motion for summary judgment, the motions in limine are moot.

### Order

Summary judgment is granted for Langrock on its claim for breach of contract, and on all of Felis's counterclaims.  The motions in limine are therefore moot. Langrock is directed to submit a proposed judgment, to which Felis shall have five days to object pursuant to V.R.C.P. 58(d).

Dated at Burlington this 9th day of  March, 2015.

_____
Helen M. Toor
Superior Court Judge