16-963-cv
Long v. Parry

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 15th day of February, two thousand seventeen.

PRESENT:  REENA RAGGI,
          RAYMOND J. LOHIER, JR.,
          CHRISTOPHER F. DRONEY,
                              *Circuit Judges*.

---

RAYMOND A. LONG, M.D.,

     *Plaintiff-Appellant*,

     v.                               No. 16-963-cv

LLOYD GEORGE PARRY, DAVIS, PARRY & TYLER, P.C.,

     *Defendants-Appellees*.

---

APPEARING FOR APPELLANT:     MAX FOLKENFLIK, Folkenflik & McGerity LLP, New York, New York.

APPEARING FOR APPELLEES:     JUSTIN B. BARNARD (Sandra A. Strempel, *on the brief*), Dinse, Knapp & McAndrew, P.C., Burlington, Vermont.

Appeal from a judgment of the United States District Court for the District of Vermont (William K. Sessions III, *Judge*).

1

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment entered on February 29, 2016, is AFFIRMED.

Plaintiff Raymond Long appeals from an award of summary judgment in favor of Lloyd George Parry ("Parry") and Davis, Parry & Tyler, P.C. (collectively, "defendants") on claims arising from Parry's representation of Long in a lawsuit against his former employer, Northwestern Medical Center ("NMC"). The complaint against NMC asserted state law claims and federal antitrust claims, and alleged damages of $40 million. After settling that lawsuit for $4 million, Long filed the instant action, claiming, *inter alia*, that he would have received a larger settlement had Parry sought the testimony of infectious disease and antitrust experts. On appeal, Long challenges (1) the legal standards the district court employed in awarding summary judgment, particularly with regard to damages; (2) the district court's conclusion that (a) the majority of his underlying claims were meritless in light of his voluntary resignation and defendants' immunity under the Health Care Quality Improvement Act of 1986 ("HCQIA"), 42 U.S.C. § 11101 *et seq.*; and (b) the remaining underlying claims could not result in a damages award greater than $4 million; (3) the denial of leave to amend his complaint to add a fraud claim; and (4) a sealing order instructing him to destroy confidential documents.

We review an award of summary judgment *de novo*, construing the evidence in the light most favorable to the non-moving party and drawing all reasonable inferences and resolving all ambiguities in that party's favor. *See Townsend v. Benjamin Enters., Inc.*, 679 F.3d 41, 47 (2d Cir. 2012). We generally review the denial of leave to amend a complaint for abuse of discretion. *See Loreley Fin. (Jersey) No. 3 Ltd. v. Wells Fargo*

2

*Sec., LLC*, 797 F.3d 160, 169 (2d Cir. 2015). Nevertheless, when such a denial "is based on a legal interpretation, such as a determination that amendment would be futile," our review is *de novo*. *See Hutchison v. Deutsche Bank Sec. Inc.*, 647 F.3d 479, 490 (2d Cir. 2011). In applying these standards here, we assume the parties' familiarity with the facts and procedural history of this case, which we reference only as necessary to explain our decision to affirm for substantially the reasons stated by the district court in its February 29, 2016 memorandum opinion and order. *See Long v. Parry*, No. 2:12-CV-81, 2016 WL 814861 (D. Vt. Feb. 29, 2016).

1.      Standard for Negligent Settlement and Case-Within-a-Case Analysis

The district court did not apply the wrong legal standard in ruling on the motion for summary judgment. To make out a legal malpractice claim under Vermont law, "a plaintiff must prove that the attorney was in fact negligent and that this negligence was the proximate cause of the plaintiff's injury." *Estate of Fleming v. Nicholson*, 168 Vt. 495, 497, 724 A.2d 1026, 1028 (1998). "[W]hen [a] lawyer's negligence forces [a] client into disadvantageous settlement, 'damages are calculated based on the difference between the actual settlement amount and the proper settlement amount, or what the result should have been through judicial resolution, absent malpractice.'" *Vincent v. DeVries*, 193 Vt. 574, 589–90, 72 A.3d 886, 898 (2013) (quoting 4 R. Mallen & J. Smith, Legal Malpractice § 33:33 (2013 ed.)). Accordingly, despite Long's contentions to the contrary, the district court correctly identified the failure of proof regarding the very existence of damages—as opposed to uncertainty in the measure of damages—as a sufficient basis upon which to grant summary judgment.

3

As to the substantive case-within-a-case analysis, we adopt the thorough assessment in the district court's memorandum opinion and reach the same conclusions stated therein regarding Long's voluntary resignation and the underlying defendants' HCQIA immunity. *See Long v. Parry*, 2016 WL 814861, at \*8–16. For the reasons stated by the district court, we also conclude that Long failed to adduce sufficient evidentiary support for his contention that the remaining claims in his underlying complaint would have resulted in an aggregate recovery above $4 million. *See id.* at \*16–17.

In light of that analysis and based on our independent examination of the record, we conclude that the record evidence fails to establish a non-speculative possibility that Long would have obtained more than $4 million absent the claimed malpractice. *See Bourne v. Lajoie*, 149 Vt. 45, 53, 540 A.2d 359, 364 (1987) (affirming dismissal of legal malpractice claim on ground that existence of damages was "based only on [plaintiff's] speculation"); *see also Cannata v. Wiener*, 173 Vt. 528, 530, 789 A.2d 936, 938 (2001) ("We have previously required plaintiffs seeking recovery for an attorney's negligence to present sufficient evidence that they were harmed by the malpractice."). Without admissible evidence creating a genuine dispute of material fact as to whether Long suffered any injury as a result of Parry's alleged malpractice, Long's claims do not survive summary judgment.[1] Moreover, because "[t]he plaintiff has the burden of

_____

[1] We have considered the letter from Dr. William R. Jarvis to Long's counsel containing his "assessment of [the] most likely origin of the bacteria causing the surgical site infections (SSIs) in [Long's] patients . . . ." App'x 331–45 (the "Jarvis Report"). We nevertheless conclude that the Jarvis Report, along with the other materials in the record,

4

showing all elements of a legal malpractice case, including damages," *Vincent v. DeVries*, 193 Vt. at 590, 72 A.3d at 898, Parry was under no obligation to adduce affirmative evidence that a higher settlement could not have been obtained, as Long now argues.

2.      Destruction of Documents

We decline to address Long's contentions relating to the destruction of documents, because those arguments were not raised below and, thus, are forfeited on appeal. *See Davis v. Shah*, 821 F.3d 231, 246 (2d Cir. 2016) ("[A]s a general matter, a federal appellate court does not consider an issue not passed upon below." (internal quotation marks omitted)).      Indeed, Long voluntarily assented to the order excluding all confidential documents and information from this litigation and failed to challenge the district court's July 2015 order requiring the destruction or return of such documents. Accordingly, we decline to remand the case on that basis.

3.      Leave To Amend

We identify no error in the district court's denial of leave to file a second amended complaint. *See United States ex rel. Ladas v. Exelis, Inc.*, 824 F.3d 16, 28 (2d Cir. 2016) ("Leave to amend should be freely given . . . when justice so requires, but should generally be denied in instances of futility, undue delay . . . or . . . repeated failure to cure deficiencies by amendments previously allowed, or undue prejudice to the non-moving party." (alterations, citations, and internal quotation marks omitted)).      Amendment to a

---

is not sufficient to create a material issue of fact as to whether Long suffered any injury as a result of Parry's alleged malpractice.

pleading is futile if it could not withstand a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). *See Dougherty v. Town of N. Hempstead Bd. of Zoning Appeals*, 282 F.3d 83, 88 (2d Cir. 2002). Thus, a proposed amendment must plead sufficient "factual content" to allow a court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). An amendment containing only "bald assertions and conclusions of law," *Spool v. World Child Int'l Adoption Agency*, 520 F.3d 178, 183 (2d Cir. 2008) (internal quotation marks omitted), or factual "allegations that are wholly conclusory," *Krys v. Pigott*, 749 F.3d 117, 128 (2d Cir. 2014), will be deemed futile.

In Vermont, a plaintiff claiming fraud must plead the following elements: "(1) intentional misrepresentation of a material fact; (2) that was known to be false when made; (3) that was not open to the defrauded party's knowledge; (4) that the defrauded party acts in reliance on that fact; and (5) is thereby harmed." *Estate of Alden v. Dee*, 190 Vt. 401, 415, 35 A.3d 950, 960–61 (2011). Long's proposed amended complaint does not plead facts sufficient to support his bald assertion that "[a]t some time between 2004 and 2008, Parry began to represent Dr. Long's interests less than he represented the interests of one or more of the underlying defendants or Parry's own interests, or both." App'x 60. In the absence of plausible allegations supporting the misrepresentation element of his fraud claim, we agree with the district court that Long's amendment is futile.

6

4.    Conclusion

We have considered all of Long's remaining arguments and conclude that they are

without merit.  Accordingly, the district court's judgment is AFFIRMED.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court