19-226-cv
*Judd Burstein, P.C. v. Raymond A. Long*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 20th day of December, two thousand nineteen.

PRESENT:    JOSÉ A. CABRANES,
            GERARD E. LYNCH,
            CHRISTOPHER F. DRONEY,
                    *Circuit Judges.*

---

JUDD BURSTEIN, P.C., AND JUDD BURSTEIN, individually,

    *Plaintiff-Counter-Defendant-Appellee,*      19-226-cv

    v.

RAYMOND A. LONG,

    *Defendant-Counter-Claimant-Counter-Defendant-Appellant.*

---

**FOR PLAINTIFF-COUNTER-DEFENDANT APPELLEE:**
            BRETT A. SCHER (Adam M. Marshall, *on the brief*), Kaufman Dolowich & Voluck LLP, Woodbury, NY.

**FOR DEFENDANT-COUNTER-CLAIMANT-COUNTER-DEFENDANT-APPELLANT:**
            MAX FOLKENFLIK, Folkenflik & McGerity, New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Katherine Polk Failla, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the January 4, 2019 judgment of the District Court be and hereby is **AFFIRMED.**

Counter-Claimant-Appellant Raymond A. Long ("Long") appeals from a judgment of the District Court dismissing with prejudice certain counterclaims against Counter-Defendant-Appellees Judd Burstein, P.C., and its principal, Judd Burstein (collectively, "Burstein"). Specifically, Long objects to the dismissal of his counterclaims for: (1) breach of contract; (2) professional malpractice relating to Burstein's handling of an unsuccessful suit filed in the U.S. District Court for the District of Vermont (the "*Parry* Action")[1] and of a potential *qui tam* suit against Northwestern Medical Center for allegedly violating the False Claims Act (the "Qui Tam Action"); and (3) breach of fiduciary duty relating to the *Parry* Action. Long also objects to the District Court's denial of leave to amend his pleadings with respect to his counterclaim for legal malpractice during the Qui Tam Action. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.[2]

We review *de novo* a grant of a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). *See Elias v. Rolling Stone LLC*, 872 F.3d 97, 104 (2d Cir. 2017). Accordingly, we must determine whether Long's well-pleaded allegations, accepted as true, state a claim to relief that is plausible on its face. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Furthermore, "[w]e review a district court's denial of leave to amend for abuse of discretion, unless the denial was based on futility, in which case we review that legal conclusion *de novo*." *City of Pontiac Policemen's & Firemen's Ret. Sys. v. UBS AG,* 752 F.3d 173, 188 (2d Cir. 2014).

### I. Breach of Contract

As to Long's breach of contract counterclaims, Long seeks to recover only the legal fees incurred to complete the work that Burstein was retained to perform. The District Court held that such legal fees are consequential damages that were not contemplated by the parties because, under

---

[1] *See Long v. Parry*, No. 2:12-cv-81 (WKS), 2016 WL 814861, at *1 (D. Vt. Feb. 29, 2016) (dismissing case after granting Parry's motion for summary judgment and denying Long's cross-motion), *aff'd*, 679 F. App'x 60 (2d Cir. 2017), *cert. denied*, 138 S. Ct. 471 (2017).

[2] The parties agree that New York law governs this action pursuant to a choice-of-law provision in the Retainer Agreement between Long and Burstein.

the Retainer Agreement, Long's entitlement to relief is limited to the refund of some or all of the retainer fee paid to Burstein. We agree.

As an initial matter, we find that the District Court did not err in interpreting the contract in addressing a motion to dismiss, because the Retainer Agreement unambiguously establishes the parties' intentions with respect to the exact scenario presented here: Burstein's withdrawal pursuant to a court order. Joint App. ("JA") at 127-28. The Retainer Agreement makes clear that in the event of a court-sanctioned withdrawal, "a fair and reasonable fee," which in the case of the *Parry* Action "may include the return of some or all of the flat fee, would be determined in accordance with legally accepted standards." *Id.*; *see also id.* at 130.

Under New York law, it is well established that where "[a]ttorney's services" are "the substance of the action alleging a breach of the retainer agreement," such as here, "the costs of obtaining substituted services [are] . . . consequential damages." *Hinman, Straub, Pigors & Manning, P.C. v. Broder*, 456 N.Y.S.2d 834, 836 (3d Dep't 1982); *accord Affiliated Credit Adjustors, Inc. v. Carlucci & Legum*, 527 N.Y.S.2d 426, 428 (2d Dep't 1988) (stating, in the context of an action for legal malpractice, that legal fees "allegedly incurred in retaining alternate counsel to perform the services for which the defendants were originally retained . . . [are] not merely an incident of litigation but, instead, constitute[] consequential damages which may be recoverable"). Such damages "may include litigation expenses incurred in an attempt to avoid, minimize, or reduce the damage caused by the attorney's wrongful conduct." *Rudolf v. Shayne, Dachs, Stanisci, Corker & Sauer*, 8 N.Y.3d 438, 443 (2007) (internal quotation marks and citations omitted). Because the Retainer Agreement clearly details the parties' intentions in the event of Burstein's court-sanctioned withdrawal and does not contemplate the payment of consequential damages, the District Court did not err in treating the Retainer Agreement as unambiguous on this point. *See Greenfield v. Philles Records, Inc.*, 98 N.Y.2d 562, 573 (2002) (noting the "established precedent that silence does not equate to contractual ambiguity"); *see also CNH Indus. N.V. v. Reese*, 138 S. Ct. 761, 766 (2018) (per curiam).

We further affirm the District Court's finding that Long did not adequately plead his claim for consequential damages. Long alleges that the parties knew that Long would have to pay another attorney to continue the litigation if Burstein withdrew. JA at 612 ¶96. Critically, however, Long fails to allege that Burstein agreed to cover that cost or that such an obligation would have been reasonably within Burstein's contemplation. Long thus fails plausibly to allege that such consequential damages were "within the contemplation of the parties at the time the contract was made." *Am. List Corp. v. U.S. News & World Report, Inc.*, 75 N.Y.2d 38, 43 (1989); *see also Globecon Grp., LLC v. Hartford Fire Ins. Co.*, 434 F.3d 165, 176 (2d Cir. 2006). The District Court thus properly dismissed Long's breach of contract counterclaim.

3

## II. Legal Malpractice

With respect to Long's legal malpractice counterclaims, we conclude that the District Court properly granted Burstein's motion to dismiss, for substantially the same reasons stated in its September 20, 2018 Opinion and Order.

The legal malpractice counterclaim pertaining to the *Parry* Action was properly dismissed because, assuming without deciding that Long has adequately alleged that Burstein's conduct was negligent, he has not plausibly alleged that any such negligence proximately caused Long to sustain the damages sought. Specifically, Long's scant allegations concerning the lost value of a "wished-for settlement award" are wholly speculative and do not give rise to a reasonable inference that any damages exist. JA at 554; *see Bua v. Purcell & Ingrao, P.C.*, 952 N.Y.S.2d 592, 598 (2d Dep't 2012) ("Conclusory allegations of damages or injuries predicated on speculation cannot suffice for a malpractice action . . . and dismissal is warranted where the allegations in the complaint are merely conclusory and speculative." (internal citations omitted)).

The counterclaim pertaining to the non-filing of the Qui Tam Action also was properly dismissed because Long does not plausibly allege that he could have prevailed had Burstein filed and litigated the potential claim under the False Claims Act. Long does not "adduce specific facts supporting a *strong inference* of fraud," as required by the heightened pleading standard set forth in Federal Rule of Civil Procedure 9(b). *United States ex rel. Chorches for Bankr. Estate of Fabula v. Am. Med. Response, Inc.*, 865 F.3d 71, 82 (2d Cir. 2017) (emphasis added) (internal citation and quotation marks omitted).

## III. Breach of Fiduciary Duty

We also affirm, for the reasons laid out by the District Court, *see* JA 564-65, the dismissal of Long's counterclaim for successor legal fees and the value of a hypothetical lost settlement award in the *Parry* Action, based on an alleged breach of fiduciary duty. Long does not plausibly allege that Burstein failed to act in the *Parry* Action while the parties awaited resolution of a motion to transfer venue. Nor does he plausibly allege that Burstein's withdrawal, with court approval, was a knowing breach of fiduciary duty. *See Johnson v. Nextel Comm's, Inc.*, 660 F.3d 131, 141 (2d Cir. 2011). The facts alleged in support of Long's assertion that Burstein's claims of a breakdown in the attorney-client relationship were pretextual, which mirror arguments he unsuccessfully presented in opposing Burstein's motion for leave to withdraw, are insufficient to raise a plausible inference of pretext.

## IV. Leave to Amend

Long also argues that the District Court abused its discretion when it denied Long leave to amend his pleadings with respect to his counterclaim for legal malpractice during the Qui Tam Action. However, Long had two previous opportunities to amend and the District Court had

4

warned Long that no further opportunities to amend would be granted. *See City of Pontiac*, 752 F.3d at 188 (affirming denial of leave to amend where plaintiffs had one previous opportunity to amend). That the District Court had not previously identified the shortcomings in Long's pleadings with respect to the scienter element does not excuse Long's responsibility to adequately plead the elements of his claim. *See Iqbal*, 556 U.S. at 678. We thus conclude that the District Court did not abuse its discretion in denying Long's motion for leave to amend.

## CONCLUSION

We have reviewed all of the arguments raised by the parties on appeal. We decline to consider arguments that were not addressed by the District Court in the first instance and find Long's remaining arguments to be without merit.

For the foregoing reasons, we **AFFIRM** the January 4, 2019 judgment of the District Court. Each party shall bear its own costs and expenses in connection with this appeal.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court