## J. Boone Wilson v. Allen B. Alexander, Edward Epstein and Myra E. Epstein

[428 A.2d 1089]

No. 299-79

Present: Barney, C.J., Larrow, Billings and Hill, JJ., and
Shangraw, C.J. (Ret.), Specially Assigned

Opinion Filed February 3, 1981

*J. Boone Wilson,* pro se, Burlington, Plaintiff.

*Edward Epstein,* pro se, Middlesex, Defendant.

**Billings, J.** Defendants-appellants Epsteins owned certain land in Middlesex, Vermont. They failed to pay property taxes for the tax years 1973–74 and 1974–75, and on October 20, 1976, the defendant Alexander, tax collector for the town of Middlesex, held a tax sale pursuant to 32 V.S.A. § 5252. Plaintiff-appellee Wilson purchased the premises subject to the statutory right of redemption. 32 V.S.A. § 5260. In 1976, the

defendant Alexander made demand on the plaintiff to pay the taxes for 1976, which amounted to $172.24. Within the statutory one-year redemption period the Epsteins redeemed the property by paying the amount the plaintiff had paid for the property at the tax sale plus 12% interest, as required by the statute. 32 V.S.A. § 5260. The plaintiff brought an action in small claims court for the 1976 property taxes that he had paid but which were not included in the redemption figure. After a hearing, the trial court entered judgment for the plaintiff against the defendants Epsteins, and against the plaintiff in favor of the defendant Alexander. Only the Epsteins are appealing.

Under the theory of quasi contract the law raises a promise to pay when a party receives a benefit and the retention of the benefit would be inequitable. This fictitious promise exists without regard to, indeed sometimes contrary to, the intentions of the party bound. *Kinsley* v. *Willis*, 120 Vt. 103, 132 A.2d 163 (1957); *Beauregard* v. *Orleans Trust Co.*, 108 Vt. 42, 182 A. 182 (1936). The defendants argue, however, that the plaintiff was a volunteer when he paid the property tax for 1976 and therefore is not entitled to repayment. *Morse* v. *Kenney*, 87 Vt. 445, 89 A. 865 (1914). A person is a volunteer if he makes a payment while under no obligation to do so or when no interest of his is protected, unless the payment is made because of an honest mistake of fact or law as to the obligation to pay or the interest to be protected. See *Norfolk & Dedham Fire Insurance Co.* v. *Aetna Casualty & Surety Co.*, 132 Vt. 341, 318 A.2d 659 (1974). The plaintiff in this case was not a volunteer. When he paid the property tax for 1976 he was protecting his own interest in the property. The defendants would be unjustly enriched if they failed to reimburse the plaintiff for the 1976 property taxes he paid.

*Affirmed.*