### Doris Eddy v. Nancy D. Watson

[450 A.2d 1140]

No. 444-81

Present: Barney, C.J., Billings, Hill, Underwood and Peck, JJ.

Opinion Filed September 7, 1982

578

*Langrock Sperry Parker & Stahl,* Middlebury, for Plaintiff-Appellee.

*Richard F. Taylor,* Middlebury, for Defendant-Appellant.

**Per Curiam.** Defendant-appellant Nancy Watson appeals from the trial court's decision and resulting judgment holding her liable to plaintiff-appellee Doris Eddy for the reasonable value of boarding two horses. We affirm.

■ Since the parties waived findings of fact we must assume that the trial court made all findings necessary to support the result. *Chittenden Trust Co.* v. *Maryanski*, 138 Vt. 240, 243, 415 A.2d 206, 208 (1980). In October 1978 defendant brought two horses to plaintiff's stables and left them in her care. The animals were fed and cared for by plaintiff from that date until sometime in May of 1981. Not surprisingly, the question of compensation soon reared its head.

On December 17, 1979, plaintiff formally demanded payment from defendant. None was forthcoming, and plaintiff brought suit in April of 1980 alleging that she was entitled to recover damages on either the basis of (1) an express contract, or (2) unjust enrichment. On the other hand, defendant claimed that plaintiff was to have the use of the horses for training purposes in lieu of monetary compensation.

After a jury-waived trial the trial court held in favor of the plaintiff and ruled that although there had been no express contract, plaintiff was entitled to recover the fair value of boarding the horses—$2.00 per day—on the basis of an "implied contract." Damages were, however, limited to a reasonable period, i.e., from the date the horses were brought to plaintiff until the date of the first demand for payment. Defendant appeals, claiming that the judgment is unsupported by the evidence.

■ At the outset we note that although the court employed the term "implied contract" in its opinion, it is clear that the judgment is grounded on the theory of quasi contract. Under this theory "the law raises a promise to pay when a party receives a benefit and the retention of the benefit would be inequitable." *Wilson* v. *Alexander*, 139 Vt. 279, 280, 428 A.2d 1089, 1090 (1981). This fictitious promise arises regardless of, indeed sometimes contrary to, the intentions of the party bound. *Id.; Kinsley* v. *Willis*, 120 Vt. 103, 132 A.2d 163 (1957).

■ There is no argument here that plaintiff was a volunteer when she began to care for defendant's animals. *Finnegan* v. *State*, 138 Vt. 603, 606, 420 A.2d 104, 106 (1980); *Morse* v. *Kenney*, 87 Vt. 445, 450, 89 A. 865, 868 (1914). It was defendant who initiated the transaction, which concededly has been to her benefit. Moreover, the court recognized that it was reasonable under the circumstances for plaintiff to expect to receive compensation. Thus, the evidence introduced at trial amply supports the trial court's conclusion that plaintiff was entitled to recover the reasonable value of her services.

■ We also reject defendant's argument that the court erred in allowing plaintiff reasonable monthly compensation for a period of fourteen months. The court actually limited plaintiff's recovery, computing damages to December 17, 1979, instead of to May 1981 as requested by plaintiff. On appeal, defendant claims that the equitable doctrine of laches should operate to bar even this recovery. We need not address the merits of this question, however.

■■ Laches must be plead and proved as an affirmative defense by the party asserting it. V.R.C.P. 8(c). Here, it was not. Furthermore, contrary to defendant's belated argument, the issue of laches was not tried by the implied consent of the parties. See *Valsangiacomo* v. *Paige & Campbell, Inc.*, 136 Vt. 278, 280, 388 A.2d 389, 391 (1978); V.R.C.P. 15(b). There is no error.

*Judgment affirmed.*