**Richard J. Atwood v. Lois M. Atwood**

[465 A.2d 1354]

No. 82-117

Present: **Billings, C.J., Hill, Underwood, Peck and Gibson, JJ.**

Opinion Filed September 6, 1983

*Gilbert T. Normand,* Montpelier, for Plaintiff-Appellee.

*Edwin W. Free, Jr.,* of *Richard E. Davis Associates, Inc.,* Barre, for Defendant-Appellant.

**Underwood, J.** Defendant appeals from the property division order of the Washington Superior Court pursuant to a divorce decree. She specifically appeals from that portion of the judgment disposing of the 14.4-acre parcel of real estate acquired during the marriage.

At the time of the trial the parties owned, as tenants by the entirety, 14.4 acres of land in Waterbury Center, Vermont. Located on this property was a dwelling house and a large two story barn. They acquired the property in 1979. Defendant and the three children have been living there alone since the parties separated on February 1, 1981.

At trial, the disposition of the 14.4-acre parcel was hotly disputed. Plaintiff proposed that defendant be given 8.4 acres together with the house and barn, and that the remaining 6 acres be divided into three 2-acre parcels, which would be sold and the proceeds placed in an interest bearing account for the benefit of the children. In regard to his proposal, plaintiff submitted plaintiff's exhibit number four—a hand drawn sketch of the parcel which showed how it could be divided into one 8.4-acre lot and three 2-acre lots. Defendant rejected plaintiff's proposal and testified that she wanted the whole 14.4 acres awarded to her.

On January 11, 1982, the superior court filed an order concerning the distribution of property between plaintiff and defendant. The order read, in pertinent part, as follows:

> The homestead and 8.4 acres, more or less, as shown on Exhibit 4 and located in Waterbury, Vermont is awarded

to Defendant subject to her assuming the indebtedness thereon, maintenance and taxes.

The three, two-acre parcels and a suitable right of way as shown on Exhibit 4 is awarded to Plaintiff which property shall be sold as soon as reasonably possible, the net proceeds invested and the interest used to pay child support as ordered.

Defendant argues that the court's order is not supported by the evidence and is incapable of performance, and therefore constitutes an abuse of discretion. We agree and reverse.

■■ Trial courts have wide discretion within the limits of 15 V.S.A. § 751, the statute governing disposition of marital property, in formulating awards of property upon divorce. *Field* v. *Field,* 139 Vt. 242, 244, 427 A.2d 350, 352 (1981).

Upon appellate review we will not interfere if a reasonable evidentiary basis supports the court's findings and the findings are sufficient to support the conclusions of law, but we have recognized that because "a decree relative to property is final and not subject to modification, . . . the wide discretion given to the trial court in this area must be tempered when the distribution reflects inadequate findings."

*Emmons* v. *Emmons,* 141 Vt. 508, 511, 450 A.2d 1113, 1115 (1982) (quoting *Field v. Field, supra*).

■ In the instant case the parties waived findings of fact, and therefore we must assume that the trial court made all the findings necessary to support its judgment order. *Eddy* v. *Watson,* 141 Vt. 577, 579, 450 A.2d 1140, 1140 (1982). However, even assuming that the court in the instant case made findings that support its order disposing of the 14.4-acre parcel, after thoroughly reviewing the record we cannot find any "reasonable evidentiary basis" which supports the assumed findings. In this regard, we note the following.

There is no evidence in the record that the 14.4-acre parcel can be divided into one 8.4-acre lot and three 2-acre lots. The proposed two-acre parcels have not been surveyed. The necessary easement for access to a public highway has not been laid out. The permits necessary to subdivide the property have

not been obtained. None of the sites have been checked to determine if they have a sufficient water supply, nor have any perc tests been done on the parcels to ascertain the feasibility of installing septic systems thereon. Furthermore, the eventual sale of the three 2-acre lots is subject to environmental and zoning approval, and such approval has not even been applied for, much less granted. Our review of the record reveals no evidence which would support the court's assumed finding that the subject 6 acres can be developed into viable building lots. Rather, we find that such an order is fraught with speculation and uncertainty, circumstances upon which wise judicial discretion cannot be founded.*

The court's order is not supported by the evidence and as a result is incapable of performance. As such, we hold that it constitutes an abuse of discretion.

*Reversed and remanded for further consideration in the light of the views expressed in this opinion.*

---

\* The order is further deficient in that it fails to determine which party is responsible for the mortgage and the delinquent taxes on the three 2-acre parcels. It also neglects to state what happens to the principal of the fund after the last child has reached majority.