## Cedric Electric, Inc. v. Donna and Marilyn Shea

[472 A.2d 757]

No. 82-235

Present: Billings, C.J., Hill, Underwood, Peck and Gibson, JJ.

Opinion Filed January 27, 1984

*James H. Wick* and *L. Randolph Amis, III,* of *James H. Wick* Law Offices, Burlington, for Plaintiff-Appellant.

*Donna J.* and *Marilyn Shea,* pro se, Colchester, Defendants-Appellees.

**Per Curiam.** Plaintiff Cedric Electric, Inc., performed certain electrical work at defendant Donna Shea's home, where both defendants reside. When the work was completed, plaintiff submitted a bill for $116.72; subsequently, defendant Marilyn Shea, Donna's mother, made a partial payment of $10.00. Although defendants contend that they did not order the work to be done, they acknowledge that it was done, and do not dispute the quality of the work, the reasonableness of the charges, the fact that a benefit was received, or even that, sooner or later, the work needed to be done. Their sole defense is that they did not order it. Following hearing, the court below awarded judgment to the defendants.

■■ The law implies a promise to pay when a party receives a benefit and the retention of the benefit would be inequitable. *Eddy v. Watson*, 141 Vt. 577, 579, 450 A.2d 1140, 1141 (1982). Such is clearly the case here. The owner of the house, Donna Shea, has received a benefit in the form of the electrical work that was done, and this benefit has been retained by her. Plaintiff is entitled to judgment against Donna Shea for the outstanding balance of its bill.

The evidence does not reveal the existence of any contract between plaintiff and defendant Marilyn Shea or that any benefit has been received and retained by her. Accordingly, the judgment in favor of Marilyn Shea must be affirmed.

*The judgment in favor of defendant Donna Shea is reversed; judgment entered for the plaintiff to recover of defendant Donna Shea the sum of $106.72, plus interest to be calculated by the trial court, plus costs in each court. Judgment for defendant Marilyn Shea affirmed.*