### Deane F. Hedges d/b/a Universal Contractors v. Gabriel Schinazi

[481 A.2d 1046]

No. 82-547

Present: Billings, C.J., Hill, Underwood, Peck and Gibson, JJ.

Opinion Filed July 27, 1984

*Deane F. Hedges,* pro se, Montpelier, Plaintiff-Appellee.

*Andrew R. Field,* Montpelier, for Defendant-Appellant.

**Hill, J.** The defendant appeals from a judgment of the small claims court ordering him to pay the plaintiff the sum of $435 for the plaintiff's repavement of a driveway. We affirm.

The transcript reveals the following. The defendant has a right of way underneath a gas station for a sewer pipe that runs to his property. In February of 1981 the sewer pipe burst. The defendant hired the plaintiff to repair the pipe. In order to do the repair, the plaintiff dug up a portion of the gas station's driveway. The plaintiff repaired the pipe, and the defendant paid that repair bill. The parties also discussed the repavement of the driveway. The plaintiff called a construction company and received an estimate of $800 as the cost of repairing the driveway. The plaintiff told the defendant that the plaintiff could repair the driveway for $200 to $300 less than the construction company's estimate. The plaintiff added, however, that he would do the repair work at a later date, when he was also doing some other repaving jobs. At some point after the sewer was repaired, the defendant called the plaintiff's home and asked the plaintiff's wife to tell the plaintiff not to repave

the entire driveway. Instead, the defendant wanted only the dug-up portion of the driveway to be repaired, at a "very reasonable" price, or he did not want it repaired at all. The plaintiff testified that by the time he received this telephone message he had already paved that portion of the driveway that had been dug up to repair the sewer pipe. He did not pave the entire driveway. The plaintiff presented the defendant with a bill for $425, which the defendant refused to pay.

The trial court found that the plaintiff had done a "considerable amount of work" on the property covering the defendant's right of way, and that value had been added to the property. The court also found that the plaintiff had expended $425, and concluded that it was fair that the defendant be required to pay the plaintiff $425 for services performed and $10 for filing fee costs.

■■■■  We agree with the trial court's conclusion. It is irrelevant whether the parties actually entered into a contract for the partial repair of the driveway. "Under the theory of quasi contract the law raises a promise to pay when a party receives a benefit and the retention of the benefit would be inequitable. This fictitious promise exists without regard to, indeed sometimes contrary to, the intentions of the party bound." *Wilson* v. *Alexander*, 139 Vt. 279, 280, 428 A.2d 1089, 1090 (1981). The trial court found that the defendant benefitted from the plaintiff's work, and the evidence supports this finding. "Even without the finding of an express contract between the parties, [if] there was sufficient evidence to support a finding that [the defendant] accepted plaintiff's work product and utilized it to his benefit . . . , plaintiff [is] entitled to a reasonable compensation." *Batchelder* v. *Mantak*, 136 Vt. 456, 465, 392 A.2d 945, 950 (1978). Reasonable compensation in this case is the fair value of the services rendered by the plaintiff. *O'Bryan Construction Co.* v. *Boise Cascade Corp.*, 139 Vt. 81, 89, 424 A.2d 244, 248 (1980) ("On a claim for quantum meruit, plaintiff is entitled to recover the fair and reasonable value of his services."). There was sufficient evidence for the trial court to conclude that the plaintiff's $425 bill was reasonable. Therefore, we affirm the court's order.

*Affirmed.*