## Ray Reilly's Tire Mart, Inc. v. F. P. Elnicki, Inc.

[537 A.2d 994]

No. 86-211

Present: **Allen, C.J., Peck, J., and Barney, C.J. (Ret.) and Keyser, J. (Ret.), Specially Assigned**

Opinion Filed December 4, 1987

*James B. Anderson* of *Ryan Smith & Carbine, Ltd.*, Rutland, for Plaintiff-Appellant.

*Biederman & Rakow, P.C.*, Rutland, for Defendant-Appellee.

**Allen, C.J.** Plaintiff appeals the trial court's decision in an action brought to recover the price of tires supplied to defendant. We affirm.

Plaintiff supplied and installed tires on defendant's truck at the request of Foster Motors, Inc., d/b/a Mid-State Trucks. Defendant had purchased a dump truck from Foster Motors, which proved to be difficult to handle while hauling the heavy loads involved in defendant's excavation business. Foster Motors made several attempts to remedy the problem, including having the plaintiff replace the tire rims. At Foster Motors' request, a Michelin representative examined the truck at plaintiff's place of business and determined that some of the tires were inappropriate for the type of work done by defendant. Foster Motors contracted with plaintiff to supply and install new tires. Defendant's agent Jim Elnicki signed for their receipt.

Plaintiff billed Foster Motors $2,320 for the cost of the tires. Foster Motors did not pay the bill, and a few months later plaintiff billed defendant $2,932, a larger amount because Foster Motors was a volume customer and defendant was not. Foster Motors subsequently ceased doing business.

Plaintiff then brought this action for payment on open account and for unjust enrichment. The trial court found that a contract for the tires existed between plaintiff and Foster Motors and that there was never a contract between plaintiff and defendant.

The court also rejected plaintiff's claim that defendant had been unjustly enriched by the tires. The court found that providing tires conforming to defendant's needs was part of Foster Motors' obligation when it sold the truck to defendant. Defendant had, in essence, already paid for the tires when it purchased the truck. The court refused to force defendant to pay twice for suitable tires for its truck. The court also stated that the existence of an express contract between plaintiff and Foster Motors barred the court from implying a contract on a theory of unjust enrichment between plaintiff and defendant.

Plaintiff contends on appeal that the court below erred in determining that defendant had already paid for the tires and in

ruling that the express contract bars an implied contract, since the express contract is now unenforceable because Foster Motors is no longer in business.

" '[F]indings of fact and conclusions of law by the trial court will not be disturbed on appeal unless clearly erroneous when viewed in the light most favorable to the prevailing party.' " *Murray* v. *J & B International Trucks, Inc.*, 146 Vt. 458, 466, 508 A.2d 1351, 1356 (1986) (quoting *Finley* v. *Williams*, 142 Vt. 153, 155, 453 A.2d 85, 86 (1982)). When viewed in the light most favorable to defendant, the trial court's findings of fact and conclusions of law are correct.

The standard to be used in deciding a claim for unjust enrichment is "whether [defendant] received a benefit for which plaintiff should be compensated." *Morrisville Lumber Co.* v. *Okcuoglu*, 148 Vt. 180, 184, 531 A.2d 887, 889 (1987). "The law implies a promise to pay when a party receives a benefit and the retention of the benefit would be inequitable." *Cedric Electric, Inc.* v. *Shea*, 144 Vt. 85, 86, 472 A.2d 757, 757 (1984) (citing *Eddy* v. *Watson*, 141 Vt. 577, 579, 450 A.2d 1140, 1141 (1982)).

There is no question that defendant received a benefit from the installation by plaintiff of the proper tires on the truck. However, the trial court was correct in determining that retention of that benefit was not unjust. "The retention of a benefit is not unjust where defendants have paid for it." *Morrisville Lumber Co.*, 148 Vt. at 184, 531 A.2d at 889. The attempts by Foster Motors to remedy the problems the defendant experienced with the truck support the trial court's conclusion the defendant had already paid for appropriate tires when it purchased the truck.

Plaintiff cites *Paschall's, Inc.* v. *Dozier*, 219 Tenn. 45, 407 S.W.2d 150 (1966), for the proposition that a contract between two parties does not bar enforcement of an obligation in quasi contract between one of the parties to the contract and the recipient of the benefit of the contract when the express contract becomes unenforceable. Plaintiff argues that this is the case here and that the court below erred in holding that Foster Motors' contract with plaintiff bars plaintiff's action for unjust enrichment against defendant. The court in *Paschall's, Inc.* did advance this position, *id.* at 55, 407 S.W.2d at 154-55, but limited it to situations where the defendant in an unjust enrichment action has not paid anyone for the benefit received. *Id.* at 57, 407 S.W.2d

at 155. The court stressed that the most important element is injustice.

> The most significant requirement for a recovery on quasi contract is that the enrichment to the defendant be unjust. Consequently, if the [defendant] has given any consideration to any person for the [benefit], it would not be unjust for him to retain the benefit without paying the furnisher.

*Id.*

Defendant here had previously paid Foster Motors for the benefit of a properly equipped dump truck; thus its retention of the benefit without paying plaintiff is not unjust.

*Affirmed.*