2012 VT 45

# Vermont Human Rights Commission and Ursula Stanley v. State of Vermont, Agency of Transportation

[49 A.3d 149]

No. 11-081

Present: Reiber, C.J., Dooley, Skoglund and Burgess, JJ., and Kupersmith, Supr. J., Specially Assigned

Opinion Filed June 8, 2012

486

*Robert Appel*, Executive Director, Vermont Human Rights Commission, Montpelier, and *Thomas H. Somers* of *Bergeron, Paradis & Fitzpatrick, LLP*, Burlington, for Plaintiffs-Appellants.

*William H. Sorrell*, Attorney General, and *Megan J. Shafritz*, Assistant Attorney General, Montpelier, for Defendant-Appellee.

¶ 1. **Burgess, J.** Plaintiffs Vermont Human Rights Commission (HRC) and Ursula Stanley, an employee of the State Agency of Transportation, appeal the Washington Civil Division's decision to grant the State's motion to dismiss her complaint for failure to state a claim upon which relief can be granted. Ms. Stanley complains that, under the Vermont Parental and Family Leave Act (VPFLA), 21 V.S.A. § 472(c), which requires continuation of certain "employment benefits" during family leave, she was entitled to accrue, but was denied, paid vacation and sick time during the course of an unpaid parental leave. The trial court held that under § 472(c) an employee does not continue earning paid leave during unpaid parental leave. We affirm.

¶ 2. The facts, as summarized from the trial court's findings, are undisputed. Ms. Stanley took unpaid parental leave in 2007 while she was a state employee. Advised by the State that during her parental leave she accrued no paid vacation or sick time, Ms. Stanley filed a complaint with the HRC, alleging that under § 472(c), which provides that an "employer shall continue *employment benefits* for the duration of [an employee's] leave," she was due some twenty-nine hours of annual vacation time and twenty-nine hours of sick time accrued during her leave. (Emphasis added.) The HRC determined that there were reasonable grounds to find the State violated the VPFLA and, along with Ms. Stanley, filed suit. The State moved to dismiss, arguing that paid time-off and sick time were not employment benefits continued under the VPFLA when employees take unpaid leave. Ms. Stanley and the HRC responded with a motion for summary judgment.

¶ 3. The trial court granted the State's motion to dismiss, reasoning that to permit an employee to earn paid leave conflicts with the VPFLA's narrow requirement that employers provide

"unpaid" parental leave. The court stated that "paid leave is treated as pay; parental leave affords the employee no statutory right to be paid." In support of its reading, the court noted that, prior to passage, an earlier proposed version of the VPFLA specifically continued only certain benefits during parental leave, including insurance and retirement plans.

¶ 4. The sole issue on appeal is whether paid leave is among the benefits mandated under § 472(c) during unpaid parental leave, a statutory construction that we review de novo. *Marine Midland Bank v. Bicknell*, 2004 VT 25, ¶ 3, 176 Vt. 389, 848 A.2d 1134. Ms. Stanley and the HRC argue that the plain language of § 472(c) requires employers to continue all employment benefits, including accumulation of paid leave, during unpaid leave. The State counters that such a construction ignores the plain language of the statute requiring only that employers provide unpaid leave. We hold that accrual of paid leave is not a "benefit" continued under § 472(c).

¶ 5. The goal in interpreting statutes is to effectuate legislative intent. *MacDonough-Webster Lodge No. 26 v. Wells*, 2003 VT 70, ¶ 6, 175 Vt. 382, 834 A.2d 25. We "presume the Legislature intended the plain, ordinary meaning of the statute," and therefore, "[w]here the meaning is clear and unambiguous, we construe and enforce the statute according to its express meaning." *Swett v. Haig's, Inc.*, 164 Vt. 1, 5, 663 A.2d 930, 932 (1995). When interpreting an undefined statutory term, we are guided by the canon of construction noscitur a sociis — "it is known by its associates." *MacDonough-Webster Lodge*, 2003 VT 70, ¶ 11 n.2. Under this canon, we "seek the meaning from the context and by the light of what precedes or follows." *Parks' Adm'r v. Am. Home Missionary Soc'y*, 62 Vt. 19, 25, 20 A. 107, 108 (1889). Thus, we interpret "benefit" in the context of the surrounding words in the same and neighboring subsections. See 1 V.S.A. § 101 (specifying that "construction of statutes" cannot be "repugnant to the context of the same statute").

¶ 6. The VPFLA's leave provisions permit employees to take up to twelve weeks of unpaid leave for family or medical reasons, including "parental leave, during the employee's pregnancy and following the birth of an employee's child." 21 V.S.A. § 472(a)(1). An employee "may use accrued sick leave or vacation leave or any other accrued paid leave" during the course of family leave, but

use of such paid leave does not increase the total statutory family leave beyond twelve weeks. *Id.* § 472(b). Section 472(c) addresses the type and amount of benefits employers must provide to employees during their unpaid leave:

> The employer shall continue *employment benefits* for the duration of the leave at the level and under the conditions coverage would be provided if the employee continued in employment continuously for the duration of the leave. The employer may require that the employee contribute to the cost of the benefits during the leave at the existing rate of the employee contribution.

21 V.S.A. § 472(c) (emphasis added). The statute does not define "benefit."

¶ 7. Reading the term "benefit" in light of the sentence in which it appears suggests that it refers to insurance coverage. Section 472(c) requires employers to "continue employment *benefits* for the duration of the leave at the level and under the conditions *coverage* would be provided if the employee continued in employment." (Emphasis added.) The term "coverage" informs the term "benefits" because there are no continued benefits due except "at the level and under the conditions [of] coverage." *Id.* We presume the Legislature "chose its words advisedly," *Robes v. Town of Hartford*, 161 Vt. 187, 193, 636 A.2d 342, 347 (1993), and "coverage" is typically used in connection with insurance to denote "inclusion within the scope of an insurance policy," Webster's New Collegiate Dictionary 260 (1981).

¶ 8. Understanding the term "benefits" within the context of the entirety of § 472(c) further supports the view that the VPFLA does not require employers to credit employees with the accrual of paid leave while they are on unpaid parental leave. Section 472(c) says that employers "may require that the employee contribute to the cost of the *benefits* during the leave." (Emphasis added.) This provision fits in with the insurance cost-sharing mechanism in the state's collective-bargaining agreement where the employee bears a portion of the insurance premium. See Vt. Dep't of Human Res., *Personnel Policy & Procedure Manual* § 13 (1999), available at http://humanresources.vermont.gov/policies/personnel_policy_procedure_manual (explaining that "[t]he State currently pays 80% of the premium cost of each [medical benefit] plan and the employee pays the remaining 20%"). By contrast,

state employees do not contribute to their paid leave other than by their service to the state. See *id.* § 14 (stating that state employees "shall be credited" with a specified amount of annual leave per pay period). Absent a reason not appearing plainly in the statute, it makes textual sense to read "benefits" consistently with benefits for which contribution can be expected under § 472(c), and which ordinarily exclude noncontributory paid time-off.

¶ 9. Sections 472(a) and (b) of the VPFLA supply a final reason to conclude that accrual of paid time-off and sick time are not benefits that employers must provide during unpaid leave. Section 472(a) states that an employee is "entitled to take unpaid leave." However, the statute permits employees to use already "accrued paid leave," such as vacation or sick leave, during parental leave. *Id.* § 472(b). As the trial court noted, if an employee could demand accrual of paid leave from an employer under the VPFLA while on family leave, it must follow that at least a portion of the parental leave would be rendered paid leave — a result not just inconsistent with, but contrary to, the employer's VPFLA obligation to provide *unpaid* parental leave only. *Id.* § 472(a).

*Affirmed.*