2014 VT 71

### JW, LLC v. Brian M. Ayer and Debbie Martell

[101 A.3d 906]

No. 13-089

Present: **Reiber, C.J., Dooley, Skoglund and Robinson, JJ., and Morse, J. (Ret.), Specially Assigned**

Opinion Filed July 18, 2014

*Christopher A. Micciche*, Burlington, for Plaintiff-Appellant.

*Brian M. Ayer*, Pro Se, Grand Isle, for Defendants-Appellees.

¶ 1. **Dooley, J.** This landlord-tenant dispute concerns the status of tenants' personal property, which landlord[1] cleared from the leased premises at the time a writ of possession was executed. The trial court concluded that landlord did not rightfully have possession of the property and ordered landlord to return it to tenant. Landlord argues that pursuant to statute he is entitled to retain the property, and, in the alternative, the court erred in denying his request for a writ of attachment for the property. We reverse and remand.

¶ 2. The trial court found the following facts. In February 2005, tenants began leasing a single-family home from landlord. Tenants resided in the home with their children and animals, including dogs and chickens. At the time tenants moved in, the house was relatively new and in excellent condition. The monthly rent was $1300. Tenants paid no rent in March and April 2012. They paid rent in May 2012 plus $300 in arrears, but made no further rental payments.

¶ 3. Landlord filed for eviction in July 2012. The court issued a rent escrow order. Tenants made only a partial rental payment in August 2012, and the court issued an order for a writ of possession. The writ issued on August 10, 2012 and was served on August 22, 2012. The writ stated that tenants had to vacate the premises by midnight on September 6, 2012. On the return of service, the sheriff noted that he had explained the writ and tenants had no questions, and, although tenants refused to take the paperwork, the sheriff left it at the residence.

¶ 4. The writ was executed on September 7, 2012 by the sheriff, who removed tenants from the home. Landlord was present with his lawyer. The house and surrounding area were filled with tenants' personal property, including auto technician work tools belonging to tenant Brian Ayer. Landlord hired a moving crew to clear away tenants' personal property. Some items were discarded as trash, and other property was kept by landlord in various storage facilities. The home required extensive cleaning and repairs to make it habitable again.

¶ 5. Landlord denied tenant further access to the residence to claim property. Landlord also denied tenant access to the items

---

[1] Landlord is a limited liability company solely owned and managed by James Weston. For ease of understanding, this opinion refers to landlord using the pronoun "he."

that landlord had retained. Landlord claimed that the justification for retaining tenants' personal property was based on two statutes. The first relates to property left in an abandoned or vacated dwelling unit, 9 V.S.A. § 4462(c), and states:

> If any property, except trash, garbage, or refuse, is unclaimed by a tenant who has abandoned a dwelling unit, the landlord shall give written notice to the tenant mailed to the tenant's last known address that the landlord intends to dispose of the property after 60 days if the tenant has not claimed the property and paid any reasonable storage and other fees incurred by the landlord. The landlord shall place the property in a safe, dry, secured location, but may dispose of any trash, garbage, or refuse left by the tenant. The tenant may claim the property by providing the landlord with the following within 60 days after the date of the notice:
>
> (1) A reasonable written description of the property; and
>
> (2) Payment of the fair and reasonable cost of storage and any related reasonable expenses incurred by the landlord.
>
> If the tenant does not claim the property within the required time, the property shall become the property of the landlord. If the tenant claims the property within the required time, the landlord shall immediately make the property available to the tenant at a reasonable place and the tenant shall take possession of the property at that time and place.

The second relevant statute is about property remaining on property following eviction, and states in part: "A landlord may dispose of any personal property remaining in a dwelling unit or leased premises without notice or liability to the tenant or owner of the personal property: (1) 15 days after a writ of possession is served pursuant to this chapter." 12 V.S.A. § 4854a(a).

¶ 6. Landlord initially viewed tenants' personal items as abandoned property under 9 V.S.A. § 4462(c), and demanded that within sixty days tenants pay $10,000 for the fair and reasonable cost of removal and storage of the property. Tenants responded by seeking a court order requiring landlord to release their property.

Tenants argued that landlord's moving and storage costs were unreasonably high, and they offered $2700 for the cost of storage. The court held a hearing on the motion at which both landlord and tenants testified. At the close of the hearing, the court concluded that the property was not "abandoned" within the meaning of the statute and granted tenants' motion for return of the property. The court signed an order directing landlord to release the property to tenant. Landlord responded by releasing some, but not all of tenants' property, and by moving for a writ of attachment.

¶ 7. The court consolidated the request for a writ of attachment with the final hearing on damages. At the hearing, landlord and tenant Ayer testified concerning the property items that had not been returned to tenants. This list included a yellow tool box with tenant Ayer's automotive tools, some carpentry tools, a car dolly, an all-terrain vehicle, a muzzle loader in a gun case, a 5-drawer tool cart, and a small tool box. Tenant. Ayer testified at the hearing that the automotive tools were necessary for him to do his auto-mechanic job.

¶ 8. At the hearing, landlord for the first time argued that he could legally retain the property under 12 V.S.A. § 4854a, which became effective before the writ of possession was filed in this case. 2011, No. 137 (Adj. Sess.), § 11 (effective May 14, 2012). Landlord argued that because tenants did not remove their property within fifteen days after service of the writ of possession, he was free to do whatever he wanted with the property including keeping it.

¶ 9. The court issued a final order the same day. The court concluded that landlord was entitled to damages for back rent, costs to repair and clean the property, and attorney's fees. Subtracting amounts tenant paid as a security deposit and for rent escrow, the court granted landlord judgment in the amount of $31,721. As to the personal property, the court rejected landlord's contention that once fifteen days had passed from service of the writ of possession, landlord was entitled to retain tenants' personal property remaining on the leased premises. The court concluded that § 4854a did not confer on landlord ownership of tenants' personal property that remained in the dwelling. The court construed the section as dealing with "the disposal of trash

and valueless property." The court explained its view that § 4854a was

> limited to shielding the landlord from "liability to the tenant or owner of the personal property" if he or she disposes of it after 15 days. It does not confer ownership. If § 4854a were to confer ownership of any property remaining on the premises 15 days after service of the writ, it would effectively repeal 9 V.S.A. § 4462 which deals with unclaimed property "except trash, garbage or refuse" remaining in a dwelling unit "no longer occupied as a full-time residence."

The court explained if a landlord evicts a tenant and there is personal property that is not trash, the landlord is still required to make reasonable efforts to find out what tenant plans to do with the property and to store the property for sixty days. The court found that in this case because tenant had demanded the property at the time of eviction and before landlord incurred any moving or storage costs, tenant was entitled to have the personal property without any storage payment. The court explained that landlord could not seize tenants' personal property to satisfy an unrelated debt — the money owed to landlord for the unpaid rent and damage to the property — without first obtaining approval for the action by seeking a writ of attachment or other order. The court ordered that all personal property be returned to tenant within seventy-two hours.

¶ 10. Landlord filed a notice of appeal and moved to stay the order requiring the return of property pending appeal. The court granted the stay, subject to tenants' right to access the property for purposes of inspection, appraisal, and preparing an inventory.

¶ 11. The main issue on appeal is the proper construction of 12 V.S.A. § 4854a. This is a question of law that we review de novo. *Chayer v. Ethan Allen, Inc.*, 2008 VT 45, ¶ 9, 183 Vt. 439, 954 A.2d 783. "The goal in interpreting statutes is to effectuate legislative intent." *Vt. Human Rights Comm'n v. State, Agency of Transp.*, 2012 VT 45, ¶ 5, 191 Vt. 485, 49 A.3d 149. To determine this intent, this Court first looks at the statute's plain meaning and where the language is unambiguous, it is enforced according to its express meaning. *Id.* If the meaning of the language is ambiguous, "we determine its intent from a consideration of the whole and every part of the statute, the subject matter, the effects and conse-

quences, and the reason and spirit of the law." *Ran-Mar, Inc. v. Town of Berlin*, 2006 VT 117, ¶ 5, 181 Vt. 26, 912 A.2d 984 (quotation omitted).

¶ 12. Landlord argues that the court misconstrued the statutory scheme. Landlord contends that while 9 V.S.A. § 4462 addresses a landlord's responsibilities concerning property left behind when a tenant voluntarily departs from a rental unit, it does not provide instruction concerning a landlord's rights or responsibilities as to property remaining in a rental unit after a tenant is removed through an ejectment proceeding. According to landlord, 12 V.S.A. § 4854a was passed to fill that gap in the law and the Legislature chose to give landlords the right to dispose of any property, not just trash, remaining in a dwelling unit following ejectment.

¶ 13. Turning to the statutory language, it is evident that 12 V.S.A. § 4854a pertains exactly to the situation presented in this case. The statute is included in the chapter entitled "Ejectment," and a subchapter labeled "Superior Court Ejectment." The title of the section is "Property of tenant remaining on premises after eviction." 12 V.S.A. § 4854a. The language states that after fifteen days from when a writ of possession is served, a landlord "may dispose of any personal property remaining in a dwelling unit or leased premises without notice or liability to the tenant or owner of the personal property." *Id.* § 4854a(a).[2] The only exception is if

---

[2] We note that the statute's use of fifteen days after the writ of possession is served will in some cases create some inconsistencies and confusion. The ejectment statute states that execution of a writ of possession is made "no sooner than ten days after the writ is served." 12 V.S.A. § 4854. Since § 4854a allows a landlord to dispose of property remaining "15 days after a writ of possession is served," it is likely that the Legislature intended that there would be a five-day grace period for tenant to remove property between execution of the writ of possession and when landlord had the right to dispose of property. That the Legislature intended there to be a five-day period during which tenant could reclaim personal property after landlord had taken possession of the rental unit is reinforced by another section of the statute, which states that if the court stays the execution of a writ of possession, then a landlord may dispose of remaining personal property "five days after the landlord is legally restored to possession of the dwelling unit." *Id.* § 4854a(b). However, where no stay is granted, the five-day period is not guaranteed and is just one of multiple scenarios that could arise. Under § 4854, a writ of possession can be executed *no less* than ten days after service, but could be executed much later, even beyond the fifteen days specified in § 4854a. In some cases, the writ could execute even more than fifteen days after service. In this situation, the language authorizes the landlord to remove property even before execution of the writ. It is unlikely that the Legislature intended this result.

. a court stays execution of the writ, *id.* § 4854a(b), which is not applicable here.

¶ 14. ■ In this case, the uncontroverted facts are that fifteen days from service of the writ of possession had passed by September 7 when the sheriff came to execute the writ. Therefore, at that point, landlord was entitled to "dispose of any personal property remaining" on the premises "without notice or liability to the tenant or owner of the personal property."

¶ 15. ■ The statutory language does not support the trial court's construction that 12 V.S.A. § 4854a deals only with disposal of trash and not personal property of value. Unlike 9 V.S.A. § 4462, the statute does not differentiate between trash and other items remaining on the property. The phrase "dispose of" connotes more than throwing out trash — it is used to signify any number of methods for dealing with property, including transferring it, discarding it, or destroying it. This is illustrated by 9 V.S.A. § 4462, which gives landlord the right to "dispose of" any unclaimed "property, except trash, garbage, or refuse" after notice to tenant. Authority to "dispose of" property can mean sell. See, e.g., 9 V.S.A. § 4470(d) (requiring owner of campground to protect personal property left behind and allowing owner to "dispose of it in a commercially reasonable manner and then pay to the owner the sale proceeds less any storage and sales fees incurred" if not claimed within six months).

¶ 16. ■ It also does not follow as the trial court posited that applying 12 V.S.A. § 4854a to all property, and not just garbage, "would effectively repeal" 9 V.S.A. § 4462. Although overlapping· in some respects, the statutes deal with two different situations. As explained above, 12 V.S.A. § 4854a relates solely to ejectment proceedings. It is not limited to residential ejectment, but extends to any kind of eviction proceeding, including an action to evict a commercial or industrial tenant. It authorizes a landlord to dispose of a tenant's personal property that remains on a landlord's real property fifteen days after a writ of possession is served.

---

As it happened in this case, the execution of the writ of possession occurred fifteen days after the writ was served. As a result, the landlord's possession coincided with the right to dispose of the personal property. Apparently, this result was unplanned because the landlord was at the time unaware of the enactment of 12 V.S.A. § 4854a.

¶ 17. In contrast, 9 V.S.A. § 4462[3] applies to a tenant in a "residential dwelling unit" and only to property left in a dwelling unit that has been abandoned or that the tenant has vacated. As the trial court aptly noted in this case, the personal property remaining in a dwelling unit after ejectment, which fits under 12 V.S.A. § 4854a, does not meet the requirements of 9 V.S.A. § 4462 because the dwelling unit has not been abandoned and the tenants have not vacated. 9 V.S.A. § 4462(a) (defining abandoned dwelling unit as one where reasonable person would believe unit is no longer occupied, rent is not current and landlord has made reasonable efforts to contact tenant). Here, the tenants were still present on the property when the sheriff arrived to execute the writ of possession, and therefore the trial court correctly concluded that it was "obvious that the property was not 'abandoned.'" Therefore, 9 V.S.A. § 4462(a) is not made obsolete; it has continued viability in situations where a residential tenant abandons or vacates a dwelling unit without being formally evicted, and 12 V.S.A. § 4854a applies in circumstances where 9 V.S.A. § 4462(a) does not.

¶ 18. For this reason, we disagree with the trial court that 12 V.S.A. § 4854a only allows a landlord who has evicted a tenant to dispose of trash without the threat of liability, and for other property requires a landlord "to make reasonable efforts to find out what tenant plans to do and to store the property for 60 days." Because the dwelling unit was not abandoned and the tenant did not vacate, 9 V.S.A. § 4462 does not apply, and there is no statutory basis to require a landlord to store property remaining in a dwelling unit after an eviction.

¶ 19. We recognize that there are competing policy concerns at play in this area of the law. See L. Weiser & M. Treu, *Adding Injury to Injury: Inadequate Protection of Tenants' Property During Eviction and the Need for Reform*, 20 Loy. Consumer L. Rev. 247, 262-66 (2008) (describing competing policy concerns raised during debate in Washington state over amending statute regarding disposal of tenant's property on eviction). As another court described, "A landlord's right in quickly recovering his or her property is balanced with a tenant's personal property rights." *Parker v. Taylor*, 150 P.3d 127, 129 (Wash. Ct. App. 2007). A

---

[3] This section is entitled "Abandonment; unclaimed property," and under a chapter entitled "Residential Rental Agreements."

tenant who has remained until a writ of possession is executed and is removed by the sheriff is likely to have personal items left on the premises. On the other hand, a landlord who is forced to remove a tenant through an ejectment proceeding has likely already lost rental income and is anxious to have possession of the rental property so that it can be profitable again. The Legislature resolved the conflict by authorizing landlords to dispose of property remaining on the property without threat of liability and without a requirement to store the items left behind. The apparent purpose of this is to allow landlords to retain possession of their real property and remove items so as to make the property ready for another renter.

¶ 20. ■ We agree with the trial court, however, that the statute does not confer ownership of tenant's property to a landlord. We derive this from the statutory language as well as its purpose. The statute's plain language allows a landlord to "dispose" of property without liability, but does not grant ownership of the property to the landlord.[4] In fact, the language appears to acknowledge that an owner other than landlord exists insofar as it states that the landlord is not required to give notice to "the tenant *or owner of the personal property*." 12 V.S.A. § 4854a(a) (emphasis added). This contrasts with the language used in 9 V.S.A. § 4462(c), which unambiguously grants ownership of the tenant's property to the landlord by stating: "If the tenant does not claim the property within the required time, the property shall become the property of the landlord." Granting landlords the right to dispose of a tenant's property, but not to ownership, is also consistent with the policy behind the statute of making it easier for landlords to obtain usable possession of the real property.

¶ 21. ■ ■ We draw two conclusions from the superficially inconsistent aspects of the statute. First, if the statutory terms are met, as here, the landlord may take possession of the remaining personal property, and dispose of it, without incurring liability for having done so.[5] Thus, the trial court's order that the

---

[4] Of course, ownership is not the only interest in the personal property that could be present.

[5] To be clear, the statute plainly allows landlord to dispose of property, and, therefore, does not place an affirmative obligation on landlord to store or keep any items left in a dwelling unit after fifteen days from when the writ of possession is served. 12 V.S.A. § 4854a(a)(1).

landlord return the personal property to the tenant is inconsistent with the language of the statute, and we must reverse it.

¶ 22. ██ ██ But second, we cannot read the statute as giving the landlord the value of the personal property found . on the premises at the end of the statutory period. The landlord may incur no liability for the act of disposing of the property, but this does not mean that the landlord can be enriched by the value of the property in cases where the property does have value. We conclude that any benefit landlord realizes from the sale or retention of the personal property is subject to a claim of unjust enrichment. Unjust enrichment arises when "[t]he law implies a promise to pay [because] a party receives a benefit and the retention of the benefit would be inequitable." *Cedric Elec., Inc. v. Shea*, 144 Vt. 85, 86, 472 A.2d 757, 757 (1984) (per curiam); see Restatement (Third) of Restitution and Unjust Enrichment § 1 (2011) ("A person who is unjustly enriched at the expense of another is subject to liability in restitution."). Although most restitution cases involve benefits conferred in connection with contracts, restitution is not limited to such cases, and can apply in cases where a benefit has been conferred "upon the defendant without mistake and without wrongdoing or breach of an agreement by the defendant." 1 D. Dobbs, Law of Remedies § 4.1(1), at 553 (2d ed. 1993). To demonstrate unjust enrichment, tenant must show that a benefit was conferred on landlord, landlord accepted the benefit, and it would be inequitable for landlord not to compensate tenant for its value. See *DJ Painting, Inc. v. Baraw Enters., Inc.*, 172 Vt. 239, 242, 776 A.2d 413, 417 (2001) (setting forth elements); see also *Kellogg v. Shushureba*, 2013 VT 76, ¶ 22, 194 Vt. 446, 82 A.3d 1121 (explaining that unjust enrichment applies if under the totality of the circumstances it would be inequitable for the benefitted party to retain the benefit). The measure of damages is the amount of the benefit received. See *In re Estate of Elliott*, 149 Vt. 248, 253 n.2, 542 A.2d 282, 285 n.2 (1988) ("Unjust enrichment focuses on the value of the benefit actually conferred upon the defendant.").

¶ 23. ██ Here, all of the unjust-enrichment factors are met. Landlord received and accepted the benefit of tenant's property, whether the monetary value of its sale or the value of its use. Further, it would be inequitable for landlord to retain that benefit without compensating tenant for the value. Because there is no

information in the record as to the value of the benefit conferred on landlord, we remand for a further hearing.[6] Any sums should be offset against landlord's judgment.[7]

¶ 24. Finally, landlord also argues that the trial court failed to make findings of fact regarding his motion for a possessory writ of attachment. See V.R.C.P. 4.1(b)(4) (requiring specific findings of fact as a basis for a possessory writ of attachment). Because we conclude that landlord is not obligated to return tenants' property, we do not reach this question.

*The court's order requiring landlord to return tenant's property is reversed. The matter is remanded for proceedings consistent with this decision.*

---

[6] Tenants are pro se in this appeal. Although they did not file a brief, tenant Ayer appeared for oral argument. He argued, as he had below, that his property had value, that landlord was wrongfully retaining it, and that he wanted it back. To be sure, tenants have not specifically pled unjust enrichment, but they have certainly appealed to this Court for return of or compensation for the property retained by landlord.

[7] Certainly, landlord may choose to return the property to tenant.