*Vondle v. Hale*, No. 182-10-17 Oecv (Harris, J., Apr. 4, 2018).

[The text of this Vermont trial court opinion is unofficial. It has been reformatted from the original. The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

## STATE OF VERMONT

| | |
|---|---|
| SUPERIOR COURT<br>Orange Unit | CIVIL DIVISION<br>Docket No. 182-10-17 Oecv |

| | |
|---|---|
| Robert A. Vondle,<br><br>　　　Plaintiff<br><br>　　　v.<br><br>Christin C. Hale,<br><br>　　　Defendant | |

### **Decision on Motion to Dismiss**

Defendant Christin Hale moves to dismiss this case, arguing that the action is time barred by the three-year statute of limitations under 12 V.S.A. § 512. Plaintiff Robert Vondle asserts that the general six-year statute of limitations applies. See 12 V.S.A. § 511. Defendant is represented by L. Brooke Dingledine, Esq. Plaintiff is represented Clark Bensen, Esq.

Plaintiff's complaint alleges that between 2009 and 2011 Defendant withdrew over $348,000 from a joint investment account held between Plaintiff and Defendant. Plaintiff claims that he provided the funds for the joint account and that the parties verbally agreed that Defendant would "day trade" with those funds. Plaintiff maintains that the joint account required joint authorization for withdrawals. Plaintiff asserts that Defendant withdrew almost all of the funds provided by Plaintiff without his authorization.

### Discussion

Defendant argues that the applicable statute of limitations is found in 12 V.S.A. § 512, which states:

Actions for the following causes shall be commenced within three years after the cause of action accrues, and not after:
>> (1) assault and battery;
>> (2) false imprisonment;
>> (3) slander and libel;
>> (4) except as otherwise provided in this chapter, injuries to the person suffered by the act or default of another person, provided that the cause of action shall be deemed to accrue as of the date of the discovery of the injury;
>> (5) damage to personal property suffered by the act or default of another.

Defendant argues that the claim in this case is governed by subsection five. In support of this position, Defendant cites *Foucher v. First Vermont Bank & Tr. Co.*, 821 F. Supp. 916 (D. Vt. 1993). In *Foucher*, a father and daughter jointly owned several investment accounts. *Id*. at 920. Before he died, father transferred funds out of the accounts by forging his daughter's signature. *Id*. at 920–22. The daughter sued the bank for wrongful conversion of her assets held in joint tenancy, alleging that the bank breached its duties to her. *Id*. at 919. The court held that 12 V.S.A. § 512(5) governed the breach of duty claims because "plaintiff has alleged injury to her property, claiming that the defendant's breach of its duties as bailee and agent caused the loss of her property." *Id*. at 924. Accordingly, *Foucher* characterized the bank funds as "personal property" for purposes of § 512(5).

Since the federal district court's interpretation of Vermont law is not binding on a Vermont court, this Court will consider *Fousher* in light of Vermont precedent. See *State v. Austin*, 165 Vt. 389, 393–94 (1996) ("It is axiomatic that the decision of the federal district court is not binding precedent upon [the Vermont Supreme Court]."). The Court finds that *Foucher* is inconsistent with the Vermont Supreme Court's decisions holding that economic losses are governed by § 511. The Court has "repeatedly held that § 511 applies to actions seeking damages for economic loss, including monetary claims for lost profits." *Egri v. U.S. Airways,*

*Inc.*, 174 Vt. 443, 446 (2002) (mem.). Claims for economic losses, "[n]ot being claims for personal injury . . . fall under the limitations provisions of § 511." *Fitzgerald v. Congleton*, 155 Vt. 283, 293 (1990); see also *Bull v. Pinkham Eng'g Assocs. Inc.*, 170 Vt. 450, 456 (2000) ("If we were to accept defendant's reasoning that cash is personal property, and thus any claim of economic loss is subject to § 512(5), then virtually all contract actions would be subject to a three-year statute of limitations, contrary to established law."). "Generally, the statute of limitations for conversion is six years [under § 511]." *Rowell v. Union Bank*, 164 Vt. 634, 635 (1996) (mem.). The federal *Foucher* decision, relied upon by Defendant, was decided before these cases and recognized that the *Foucher* plaintiff's claim was one for civil conversion, before applying § 512(5). The *Rowell* decision calls into serious doubt whether Judge Parker correctly interpreted Vermont law.

This conclusion is supported by the plain language of § 512. Considering economic loss alone as "damage to personal property" is inconsistent with the other enumerated sections of § 512, which all include some type of reputational or physical harm. See 12 V.S.A. § 512 (three-year statute of limitations applies to actions of assault and battery, false imprisonment, slander and libel, injuries to the person, and damage to personal property); *Vermont Human Rights Comm'n v. State, Agency of Transp.*, 2012 VT 45, ¶ 5, 191 Vt. 485 (applying canon of construction noscitur a sociis by interpreting statutory words in the context of the surrounding words in the same and neighboring subsections). The economic loss from converted financial assets does not fit within the physical and reputational harm otherwise enumerated in § 512.

Additionally, other jurisdictions that have interpreted "personal property" within the context of statutes of limitations to only include tangible personal property subject to physical injury. See *Law Offices of Steven D. Smith, P.C. v. Borg-Warner Sec. Corp.*, 993 P.2d 436, 445

(Alaska 1999) ("Smith's textual argument concerning AS 09.10.050 interprets the term 'personal property' used in the phrase 'for taking, detaining, or injuring personal property' to include economic loss. We reject this interpretation and believe that 'personal property' . . . refers to tangible property." (citing *Kodiak Elec. Ass'n, Inc. v. DeLaval Turbine, Inc.*, 694 P.2d 150, 156 (Alaska 1984))); *U. S. Nat. Bank of Oregon v. Davies*, 548 P.2d 966, 967 (Or. 1976) ("Plaintiff argues that defendants' advice caused a loss of decedent's money and therefore caused an injury to decedent's personal property. It is our opinion that the statute contemplates some direct, physical injury to personal property and that it is therefore not applicable.").

In light of the Court's clear pronouncements that claims for economic losses do not fall under § 512(5), this Court will apply the six-year statute of limitations in § 511 to this action. Reduced to its essence, the "controlling nature of the harm done" for statute of limitations purposes (*Bull, supra*; *Fitzgerald, supra*) is not alleged <u>damage</u> to Plaintiff's money, but Defendant's alleged "dominion over it in exclusion and defiance of the owner's right" through conversion. *P.F. Jurgs & Co. v. O'Brien*, 160 Vt. 294, 328-329 (1993). Plaintiff's money was not "damaged" by any stretch of the imagination. Plaintiff's funds worked perfectly fine for use in monetary transactions by the person exercising functional control and possession of the funds. The alleged harm was that a person without the legal right to use the funds usurped Plaintiff's right to control how his funds were spent. Plaintiff simply claims that Defendant "appropriated the property to that party's own use and beneficial enjoyment". *P.F. Jurgs, supra.*

Accordingly, Defendant's motion to dismiss the claim for being time barred under the three-year statute of limitations under § 512(5) is denied. Defendant does not assert that this action is time barred under the six year limitations period, so the Court will not address that

issue.  Defendant states that the loss was "discovered at the latest in 2012," while this action was brought on October 31, 2017.

Conclusion

For the foregoing reasons, Defendant's motion to dismiss is denied.

Dated at Chelsea, Vermont, April ___, 2018.

                                      _____
                                      Michael J. Harris
                                      Superior Court Judge