VERMONT SUPREME COURT
109 State Street
Montpelier VT 05609-0801
802-828-4774
www.vermontjudiciary.org



Case No.      25-AP-097

*Note: In the case title, an asterisk (\*) indicates an appellant and a double asterisk (\*\*) indicates a cross-appellant.  Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

SEPTEMBER TERM,   2025

Execusuite, LLC\* v. Mitchel Cable et al.    }    APPEALED FROM:
    }    Superior Court, Windsor Unit,
    }     Civil Division
    }    CASE NO. 23-CV-02816
    Trial Judge: H. Dickson Corbett

In the above-entitled cause, the Clerk will enter:

Plaintiff appeals the trial court's summary judgment in favor of defendants in this civil-rights action brought pursuant to 42 U.S.C. § 1983.  We affirm.

The following facts were undisputed for purposes of summary judgment.  Plaintiff is the owner and landlord of a multifamily residential property in Hartford, Vermont.  Defendants are four Hartford police officers.

In March 2019, plaintiff leased an apartment to a tenant who is not a party to this case.  After tenant's lease expired twelve months later, he remained in possession as a holdover tenant but stopped paying rent.  Plaintiff served tenant with a notice that his tenancy would be terminated on July 31, 2020.

Shortly after receiving the notice, on June 7, 2020, tenant removed his furniture and belongings from the apartment but left behind about two carloads of miscellaneous items.  Plaintiff sent multiple emails to tenant asking him to clarify his intentions.  Tenant responded that he would move out soon, or at least by July 31.

By June 12, plaintiff's agents had entered the apartment to paint, clean, and change the locks.  Tenant became aware of this and complained that he had not yet turned in his key.  He stated that he would move out by July 31, the date in the termination notice.

In mid-June, plaintiff rented the apartment to someone else, with a move-in date of July 1, 2020.  On June 23, plaintiff's agents entered the apartment, removed tenant's remaining personal items, and transferred them to a storage unit.

On June 29, tenant returned to the apartment and demanded entry.  Defendants Mitchel Cable and Karl Ebbighausen responded to the ensuing disagreement between tenant and plaintiff's agent.  Tenant told defendants that he was the current tenant of the apartment, that he

was slowly moving out but had until July 31 to do so, and that plaintiff had removed his belongings and changed the locks. Defendants told plaintiff's agent that tenant still had a right of possession to the apartment, then left the scene. Tenant moved some of his belongings back into the apartment.

After tenant left, plaintiff's agents removed tenant's belongings for a second time and changed the locks on the apartment. Tenant returned later that day and called the police to facilitate his reentry. Defendants Eric Clifford and Joshua Reyes responded, and after discussions with tenant and plaintiff's agent, reaffirmed that tenant still had the right of possession. Tenant then moved his things from the storage unit back into the apartment.

On July 4, the new tenant began moving into the apartment. She discovered tenant's property inside the apartment and called police. Defendants Cable, Clifford, and Ebbighausen responded and told the new tenant that tenant was still in possession of the apartment. The new tenant packed up her things and left. Defendants told plaintiff's agent that he could be charged with false advertising for advertising the unit while tenant still had possession.

As a result of the dispute, no one lived at the apartment during the month of July. Plaintiff charged tenant rent for the month and his belongings remained in the apartment. Plaintiff also charged the new tenant rent for July, as well as a "lease buyout fee." Plaintiff rented the apartment to someone else on August 1, 2020.

In June 2023, plaintiff filed a complaint alleging that defendants wrongfully deprived plaintiff of the use of its property by allowing tenant to continue using the apartment and telling the new tenant that someone else was living there. Plaintiff asserted that defendants' actions violated its Fourteenth Amendment due process rights. It sought damages under 42 U.S.C. § 1983.

Defendants moved for summary judgment, arguing among other things that defendants were protected from liability under § 1983 by the doctrine of qualified immunity. In response, plaintiff did not dispute that defendants were acting within the scope of their authority and performing discretionary acts. However, plaintiff argued that qualified immunity required defendants to have acted in good faith, which they had not done because tenant abandoned the apartment, giving plaintiff the right to remove tenant's belongings and take possession of the apartment. The trial court concluded that the undisputed facts could not support a determination that tenant had abandoned the apartment on June 7, 2020, and therefore defendants acted in good faith when they concluded that tenant should remain in possession of the apartment. The court therefore granted summary judgment in favor of defendants. This appeal followed.

We review a decision granting summary judgment de novo. Progressive N. Ins. Co. v. Muller, 2020 VT 76, ¶ 9, 213 Vt. 145. Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." V.R.C.P. 56(a). We conclude that defendants were protected by qualified immunity and therefore the trial court properly granted summary judgment to defendants.

"Generally, 42 U.S.C. § 1983 creates a remedy for violations of federal rights committed by persons acting under color of state law." Zullo v. State, 2019 VT 1, ¶ 39, 209 Vt. 298 (quotation omitted). Government officials are protected by qualified immunity from liability under § 1983 if they are "(1) acting during the course of their employment and acting, or reasonably believing they are acting, within the scope of their authority; (2) acting in good faith;

2

and (3) performing discretionary, as opposed to ministerial, acts." Nelson v. Town of Johnsbury Selectboard, 2015 VT 5, ¶ 63, 198 Vt. 277 (quotation omitted). Plaintiff does not dispute that defendants were acting within the scope of their employment and that their acts were discretionary; accordingly, the only issue is whether they were acting in good faith.

"Good faith exists where an official's acts did not violate clearly established rights of which the official reasonably should have known." Baptie v. Bruno, 2013 VT 117, ¶ 11, 195 Vt. 308 (quotation omitted). A right is clearly established when "[t]he contours of the right [are] sufficiently clear that a reasonable official would understand that what he is doing violates that right." Anderson v. Creighton, 483 U.S. 635, 640 (1987).

Plaintiff claims that defendants were not acting in good faith because it clearly had the right of possession to the apartment due to tenant's abandonment. Section 4462(a) of Title 9 provides that "[a] tenant has abandoned a dwelling unit if: (1) there are circumstances that would lead a reasonable person to believe that the dwelling unit is no longer occupied as a full-time residence; (2) rent is not current; and (3) the landlord has made reasonable efforts to ascertain the tenant's intentions." If the tenant has abandoned the dwelling unit, the landlord may remove the tenant's belongings and re-let the property. Id. § 4462(b)-(c).

We conclude that the undisputed facts did not so clearly demonstrate abandonment in this case that it should have been obvious to defendants that plaintiff had the right to take possession of the apartment. The record shows that by June 7, 2020, tenant stopped occupying the apartment as a full-time residence and stopped paying rent. However, tenant told plaintiff's agent numerous times afterward that he intended to stay in possession of the unit. On June 10 and 11, 2020, he told plaintiff's agent that he planned to move out soon, or by July 31, 2020. On June 12, tenant objected to the entry of plaintiff's agents into the apartment, stating that he had not yet turned in his key and would move out by July 31, the date in the termination notice. On June 29, he twice told plaintiff's agent and defendants that he had not moved out and acted to keep his possessions in the apartment. Under these circumstances, it was reasonable for defendants to believe that tenant had not abandoned the apartment. Cf. JW, LLC v. Ayer, 2014 VT 71, ¶ 17, 197 Vt. 118 (affirming trial court's conclusion that dwelling unit was not abandoned because tenants were still present on property when sheriff arrived to execute writ of possession).

Plaintiff argues that defendants—and the trial court—were mistaken in their interpretation of § 4462. It argues that the statute only requires the landlord to make reasonable efforts to ascertain the tenant's intentions and that it complied with this requirement. In essence, plaintiff contends that as long as it asks a tenant about their intentions, it can consider the apartment abandoned, regardless of the tenant's response to such queries. Plaintiff points to no case law to support this interpretation, and relevant precedent arguably suggests otherwise. JW, LLC, 2014 VT 71, ¶ 17; see also Howard v. Mattell, No. 2005-465, 2006 WL 5849679, at *2 (Vt. July 1, 2006) (unpub. mem.), https://www.vermontjudiciary.org/sites/default/files/documents/eo05-465.pdf (affirming trial court's conclusion that landlords were not justified in considering mobile home abandoned property because they were informed that tenant intended to move it and had been making reasonable efforts to do so). Thus, even if plaintiff's interpretation is correct, we cannot say that "existing precedent [has] placed the statutory or constitutional question beyond debate" such that defendants knew or should have known that tenant had no right to the apartment under the circumstances here. Nelson, 2015 VT 5, ¶ 65 (quotation omitted). Because defendants' acts did not violate clearly established rights of

which they reasonably should have known, defendants were entitled to qualified immunity from plaintiff's § 1983 claim, and the trial court properly granted summary judgment in their favor.

Affirmed.

BY THE COURT:

_____
Paul L. Reiber, Chief Justice

_____
William D. Cohen, Associate Justice

_____
Nancy J. Waples, Associate Justice