*Note: Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

SUPREME COURT DOCKET NO. 2016-266

DECEMBER TERM, 2016

| | |
|---|---|
| St. Ambroise Azagoh-Kouadio | } APPEALED FROM: |
| | } |
| | } Superior Court, Chittenden Unit, |
| v. | } Civil Division |
| | } |
| | } |
| Roman Catholic Diocese of Burlington | } DOCKET NO. 1131-10-14 Cncv |

Trial Judge: Helen M. Toor

In the above-entitled cause, the Clerk will enter:

Plaintiff St. Ambroise Azagoh-Kouadio appeals the court's order granting summary judgment to defendant, Roman Catholic Diocese of Burlington (the Diocese) doing business as Rice Memorial High School (Rice), in this employment discrimination suit. On appeal, plaintiff argues that the court erred in granting defendant's motion for a protective order and that there were disputed facts that precluded summary judgment. We affirm.

The court recounted the following facts that were undisputed for purposes of summary judgment. Plaintiff was born in Ivory Coast and is now a United States citizen. He was employed at Rice for twenty-five years as a French teacher and a soccer coach. At the time of the conduct leading to this litigation, the parties had an employment contract that began August 22, 2013 and terminated August 21, 2014. In March 2014, the school received a parent letter asserting that "[i]n addition to the ongoing demeaning and abusive criticism [of a student] in front of her peers," plaintiff had told the student that "sometimes he wants to slap her." Plaintiff disputed that his behavior was "demeaning and insulting" to students and disputed when the slap comment was made.[1] He did not deny making the slap comment, but explained it was done in a "joking way."

After an investigation, the associate principal gave plaintiff a letter entitled "Employee Disciplinary Notification" dated April 14, 2014. Plaintiff was asked to acknowledge the letter by signing it, but refused. The associate principal made changes to the letter in response to plaintiff's concerns, but plaintiff continued to refuse to sign. Both versions of the letter explained that plaintiff was expected to address certain issues and that failure to do so could result in discipline including termination. Both letters also set forth the Diocese policy prohibiting "abusive language, threatening or intimidating fellow employees, supervisors, volunteers, or students" and stated that

---

[1] On appeal, plaintiff claims that the student's story about plaintiff saying he would slap her is a lie. At summary judgment, plaintiff asserted that Rice took the comment out of context, but did not deny making the statement. We review the summary judgment decision based on the record presented to the trial court.

plaintiff was expected to no longer use words "that could be interpreted or implied to inflict harm or create a hostile environment while in the presence of students."

Three weeks later, Rice received a report that plaintiff told a student that she should "go kill herself." The statement was made in class in front of other students. During Rice's investigation, plaintiff admitted making the statement. Rice placed plaintiff on administrative leave. In a letter dated May 9, 2014, Rice relieved plaintiff of his duties for the remainder of the school year and informed plaintiff his contract would not be renewed. Plaintiff was paid in full what he was due under the 2013-14 contract.

In October 2014, plaintiff filed suit against Rice alleging employment discrimination, breach of an express or implied employment contract, and breach of the covenant of good faith and fair dealing. The parties conducted discovery. In October 2015, Rice moved for summary judgment. Plaintiff moved to stay the time to respond and the court granted an extension until January 2016. Plaintiff filed for additional extensions in January and February. In February, plaintiff also noticed a second deposition of the assistant principal. Rice filed a motion for a protective order, arguing that the deposition was unreasonably cumulative and duplicative. Rice explained that the initial deposition had lasted over four hours, there had been no reservation of rights, and it was long past the time for discovery set by the parties. Plaintiff claimed that he had further questions for the assistant principal due to documents that had recently been disclosed by Rice. The court granted the motion for the protective order following a hearing on February 9, 2016. The court also granted plaintiff until March 11, 2016, to file a response to the motion for summary judgment.

The court granted summary judgment for Rice on all counts. The court concluded that although plaintiff had made a prima facie case of employment discrimination, that Rice had offered a legitimate, nondiscriminatory reason for choosing not to renew plaintiff's contract and that plaintiff failed to produce evidence to show that this reason was pretext for discrimination. The court also concluded that plaintiff could not support his breach of contract claim because there was no breach of the contract's terms. Finally, the court granted Rice summary judgment on the claim for violation of the covenant of good faith and fair dealing, concluding that plaintiff had not produced evidence to show that Rice had taken any action to undermine or destroy plaintiff's rights to receive benefits under the parties' agreement.

On appeal, plaintiff first contends that the court erred in granting Rice's motion for a protective order and proceeding to resolve the summary judgment motion without allowing plaintiff an additional opportunity to depose the assistant principal. We review the trial court's decision granting a protective order for an abuse of discretion. Schmitt v. Lalancette, 2003 VT 24, ¶ 9, 175 Vt. 284 (explaining that decision to issue protective order like other discovery rulings is "left to the sound discretion of the trial judge"). Here, the protective order was granted in a summary entry order following a hearing on the matter.[2] The docket entries indicate that notice of the court's decision was given on the record at the hearing that same day. Plaintiff has not ordered a transcript of that hearing. Without the transcript of that hearing, there is no description

_____

[2] In his reply brief, plaintiff asserts that he did not have notice of the motion for the protective order and was not given an opportunity to respond. The record does not support this assertion. At the time, plaintiff was represented by counsel. Counsel was served with a copy of the motion. He had an opportunity to respond in writing or at the hearing that was held prior to the court's decision on the motion.

of the basis for the court's order and this Court is unable to review the exercise of the court's discretion. See V.R.A.P. 10(b)(1) ("By failing to order a transcript, the appellant waives the right to raise any issue for which a transcript is necessary for informed appellate review."); Appliance Acceptance Co. v. Stevens, 121 Vt. 484, 488 (1960) ("It is the burden of the party challenging a ruling to furnish the reviewing court a transcript of the proceeding involved. . . . To omit to incorporate into the record on appeal the transcript of applicable testimony and proceedings without authorization is to forfeit review of questions requiring reference to the transcript."). Therefore, we must assume that the court properly exercised its discretion in granting the protective order and affirm.

Plaintiff next challenges the court's decision granting summary judgment to Rice on his employment discrimination claim.[3]  Plaintiff claims that Rice violated the Vermont Fair Employment Practices Act (VFEPA), 21 V.S.A. § 495, by discriminating against him on the basis of race or national origin. To establish a prima facie case of employment discrimination, a plaintiff must show: (1) membership in a protected group; (2) qualification for the position; (3) an adverse employment action; and (4) that "the circumstances surrounding this adverse employment action permit an inference of discrimination." Robertson v. Mylan Labs., Inc., 2004 VT 15, ¶ 25, 176 Vt. 356. Once a prima facie case is established, "the burden shifts to the employer to articulate some legitimate, nondiscriminatory reason for the employee's rejection." Id. ¶ 26 (quotation omitted). The employer has a burden of production, but the burden of persuasion rests with the employee.  If the employer produces evidence to satisfy its burden, the presumption of discrimination disappears and the plaintiff has the burden to prove that employer's justification is a pretext for discrimination. Id. ¶ 27. To show pretext, a plaintiff must rebut "the proffered reason with facts from which a factfinder could reasonably conclude that the proffered reasons are unworthy of credence." Gauthier v. Keurig Green Mountain, Inc., 2015 VT 108, ¶ 33. Pretext may be demonstrated by evidence of unequal treatment of members of a protected class, past employer practice, or a pattern of discrimination by employer. McDonnell Douglas Corp. v. Green, 411 U.S. 792, 804-05 (1973).

Here, the focus at summary judgment before the trial court was on whether plaintiff demonstrated pretext. For purposes of summary judgment, Rice agreed that plaintiff could support a prima facie case. Rice in turn proffered that plaintiff's actions—telling a student he would "slap" her, and then a few weeks later telling another student to "go kill yourself" after being warned not use such language or discipline would result—were a legitimate, nondiscriminatory reason for not renewing plaintiff's contract. Plaintiff did not challenge this assertion in his opposition to summary judgment. Plaintiff proffered that Rice's justification for its reason was merely pretext to hide its discriminatory reason. In support of his pretext argument, plaintiff asserted (1) that there was evidence of past discrimination—he claimed Rice had discriminated against him in the past by firing him as the girls' soccer coach, but then rehiring him after public outcry; and (2) that there was evidence of disparate treatment—he asserted that white teachers who had made similar offenses were not disciplined in the same manner. The trial court rejected both of these reasons,

_____

[3] In his reply brief, plaintiff contends that there was bias against him in that the court granted the protective order and proceeded to resolve the summary judgment motion when he claims there remained unresolved issues. The trial court record does not support this claim. The court gave plaintiff ample time to respond to the summary judgment motion filed in October 2015, extending the original deadline to January 15, 2016, and again until March 11, 2016. The fact that the court ruled against him is not in itself evidence of bias. See State v. Streich, 163 Vt. 331, 354 (1995) (explaining that adverse rulings do not themselves demonstrate bias).

explaining that there was no evidence to show that the 2009 dismissal was based on discrimination and that the examples did not demonstrate unequal treatment.

On review of a summary judgment decision, this Court applies the same standard as the trial court and will grant summary judgment if there is no genuine issue as to any material fact and a party is entitled to judgment as a matter of law. V.R.C.P. 56(a); Robertson, 2004 VT 15, ¶ 15. If a party alleges that there is a disputed fact that precludes summary judgment, the party must support the assertion by filing a statement of undisputed facts that includes citation to parts of the record. V.R.C.P. 56(c)(1). Where a party fails to address a fact alleged by the other party, the court may consider the fact undisputed for purposes of summary judgment. V.R.C.P. 56(e)(2).

On appeal, plaintiff again recounts his version of facts from 2009 when he claims that he was wrongfully dismissed as the girls' soccer coach and then rehired after he retained an attorney. Plaintiff asserts that this episode demonstrates a past history of discrimination by employer. We agree with the trial court that the evidence submitted at summary judgment concerning this incident fails to demonstrate that Rice's dismissal was in any way motivated by plaintiff's race or national origin. The evidence showed that the dismissal was based on parent answers to a survey about his coaching style and performance. Therefore, this incident is not evidence of past discrimination that would lend credence to plaintiff's claim of pretext.

Plaintiff next argues that Rice's proffered decision was pretext based on examples of how white teachers were treated. He asserts that a white teacher was disciplined in 2010 and after receiving a warning, was disciplined again 2014 without dismissal and this demonstrates unequal treatment. In the motions for summary judgment, plaintiff asserted that white teachers accused of inappropriate behavior were treated more leniently than plaintiff. In response, Rice asserted that in fact another teacher was given a similar letter of warning to plaintiff's. The attached 2010 warning letter directs the teacher involved to refrain from statements that indicate an intent to harm students, even if made jokingly. For the first time before this Court, plaintiff asserts that the same teacher, who received that warning in 2010 was again disciplined in 2014 and did not suffer the same adverse employment decision as plaintiff. Because this information was not part of the summary judgment record before the trial court, we do not consider it on appeal. To defeat Rice's motion for summary judgment, plaintiff needed to "identify specific facts, with citations to the record, showing that there was a genuine issue for trial." Clayton v. Unsworth, 2010 VT 84, ¶ 28, 188 Vt. 432. Plaintiff failed to do so.[4]

Plaintiff also contends that he was treated differently than other employees because the assistant principal personally delivered a letter to him at his residence and he was instructed not to return to campus. Plaintiff did not allege this as evidence of pretext in his summary judgment motion. Therefore, it is not a factor that can be brought forth on appeal.

Plaintiff also argues that the court erred in dismissing his claim for breach of contract. He claims that this case is not about nonrenewal of his contract, but about wrongful dismissal. The trial court correctly surmised that plaintiff failed to demonstrate that Rice violated the employment

---

[4] On appeal, plaintiff has submitted additional documents and has recited facts that were not part of the record before the trial court. Because the record on appeal is limited to those documents filed in the trial court, we do not consider these documents or facts on appeal. V.R.A.P. 10(a).

contract. The contract's terms were limited to one year and contained no right to renewal.[5] Moreover, because plaintiff received the full payment due to him under the contract and therefore has no cognizable contract damages, he cannot meet all the elements for a breach of contract claim. Ianelli v. U.S. Bank, 2010 VT 34, ¶ 16, 187 Vt. 644 (mem.) ("If damages are not proven, a breach of contract claim will fail."). In addition, because there was an express contract between the parties setting forth the terms of plaintiff's employment, there could be no implied contract on the subject. 1 Williston on Contracts § 1:5 (4th ed.) ("The law may recognize an implied contract in the absence of an express contract on the same subject matter, but not where there is an express contract . . . ."); see Havill v. Woodstock Soapstone Co., 2004 VT 73, ¶¶ 11-13 177 Vt. 297 (considering terms of implied contract where no express employment contract existed); Ray Reilly's Tire Mart, Inc. v. F.P. Elnicki, Inc., 149 Vt. 37, 38-39 (1987) (recognizing that there may be implied quasi contract created when express contract becomes unenforceable and unjust enrichment has occurred). Therefore, the trial court correctly concluded that plaintiff had failed to allege a breach of contract.

Plaintiff does not raise any arguments on appeal related to the court's decision granting summary judgment to Rice on the claim alleging breach of the covenant of good faith and fair dealing.

Affirmed.

BY THE COURT:


_____
Paul L. Reiber, Chief Justice


_____
Marilyn S. Skoglund, Associate Justice


_____
Beth Robinson, Associate Justice

---

[5] Plaintiff references a settlement that the parties entered in 2009, which required just cause before plaintiff could be dismissed. This settlement stated that plaintiff would be employed for two years as a French teacher beginning in the fall of 2009 and as the girls' soccer coach for three years and that during that time he could be discharged only for just cause. By its terms this settlement no longer applied at the time of these incidents in 2014.